### FARMERS' LOAN & TRUST CO. v. HOTEL BRUNSWICK CO. et al.

(Supreme Court, Appellate Division, First Department. December 22, 1896.)

1. JUDICIAL NOTICE—ORDER OF COURT.
The appellate division will take judicial notice of its previous orders.

2. RECEIVERS—SALE.
Where the general receiver of a mortgagor is substituted as receiver in foreclosure proceedings, a controversy between him and the original receiver in the foreclosure proceedings as to the property covered by the mortgagee, the latter having been directed to sell all the property covered thereby, be-comes immaterial, so far as the sale is concerned.

Appeal from special term, New York county.

Action by the Farmers' Loan & Trust Company, as trustee, against the Hotel Brunswick Company and another. From an order directing Robert Sturgis, as receiver, to sell certain property, Joseph H. Baker, as receiver, appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Ira Leo Bamberger, for appellant.
David McClure, for respondent.

PER CURIAM. The question which arose between Mr. Baker and Mr. Sturgis with regard to the property to be sold under the order appealed from is no longer of any importance. This court takes ju-dicial notice of the fact that it has modified the order appointing Mr. Sturgis receiver, by substituting Mr. Baker in his place. The effect of this is that all the money received upon the sale will pass into Mr. Baker's possession under the previous order. The question, therefore, whether property not covered by the mortgage was sold is unim-portant. As Mr. Baker is the receiver of the company generally, and, as such receiver, is entitled to the proceeds both of the sale of the mortgaged property (which he will hold for the plaintiff) and also of what may not have been covered by the mortgage, the disputed ques-tion which arose at the time of the sale is at the present time of no moment.

The order should be affirmed, without costs.