SILAS A. UNDERHILL, Appellant, *v.* FRANK H. PHILLIPS, Respondent.

*Action upon a judgment — an allegation that judgments "were duly given" is insufficient under Code Civ. Proc. § 1913.*

A complaint in an action begun May 13, 1897, which alleges that on May 21, 1877, "the plaintiff recovered two judgments which were duly given by said court," does not state facts sufficient to constitute a cause of action under section 1913 of the Code of Civil Procedure, prohibiting the maintenance of an action upon a judgment for a sum of money, unless "ten years have elapsed since the *docketing* of said judgment," or "the court in which the action is brought has previously made an order granting leave to bring it."

APPEAL by the plaintiff, Silas A. Underhill, from a final judgment of the County Court of Kings county in favor of the defendant, entered in the office of the clerk of the county of Kings on the 13th day of January, 1898, dismissing the complaint, with notice of an intention to bring up for review upon such appeal an interlocutory judgment of the County Court of Kings county in favor of the defendant entered in said clerk's office on the 14th

day of December, 1897, upon the decision of the court sustaining the defendant's demurrer to the plaintiff's complaint.

This action was begun on the 13th of May, 1897, to recover upon two judgments for sums of money, rendered in favor of the plaintiff and against the defendant.

*Silas A. Underhill [Reuben H. Underhill* with him on the brief], for the appellant.

*Albert G. McDonald,* for the respondent.

GOODRICH, P. J. :

The complaint alleges that on May 21, 1877, in the County Court of Kings county, " the plaintiff recovered two judgments which were duly given by said court." The defendant demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action, his contention being that there is no allegation that such judgments were duly docketed, or that leave to sue was granted by the court previously to the commencement of the action.

Section 1913 of the Code of Civil Procedure reads as follows: " Except in a case where it is otherwise specially prescribed in this act, an action upon a judgment for a sum of money, rendered in a court of record of the State, cannot be maintained, between the original parties to the judgment, unless, either,

" 1. Ten years have elapsed since the docketing of such judgment; or,

" 2. It was rendered against the defendant by default for want of an appearance or pleading, and the summons was served upon him, otherwise than personally ; or

" 3. The court in which the action is brought has previously made an order granting leave to bring it. Notice of the application for such an order must be given to the adverse party, or the person proposed to be made the adverse party, personally, unless it satisfactorily appears to the court that personal notice cannot be given, with due diligence ; in which case, notice may be given in such a manner as the court directs."

The plaintiff contends that the allegation that he recovered the judgments and that the same were duly given, constitutes an alle-

gation that the judgments were docketed at the time of their rendition, on the ground that the statute in force at the time (3 R. S. [5th ed.] 639, § 12) required the clerk to docket every judgment when rendered, and that it must be inferred that the clerk properly performed such duty. The difficulty with this contention is that it does not arise at this stage of the litigation. The complaint in an action of this character must contain allegations to bring it within the provisions of section 1913, above cited. If it had been alleged that the judgment was duly docketed and the due rendition of the verdict had been proven at the trial, the court, within the authorities cited by the plaintiff's counsel, might possibly hold at the trial that the docketing was to be inferred from the proof that the judgment was rendered, on the ground that it was to be presumed that the clerk had performed the duty required by the statute; but it does not follow that the converse of the proposition is true, and the allegation that the judgment was recovered and duly given is not a sufficient compliance with the requirements of section 1913.

The complaint does not contain proper allegations. It should allege the docketing of the judgment more than ten years before the commencement of this action, or that the court has made an order granting the plaintiff leave to sue, and is defective, as it contains no such allegation.

The judgment must be affirmed, with the costs and disbursements of this appeal.

All concurred.

Judgment affirmed, with costs.