### GREVELL v. WHITEMAN.

(Supreme Court, Special Term, Monroe County. June, 1900.)

1. ATTACHMENT—JURISDICTION—AFFIDAVITS—BREACH OF CONTRACT—JUDGMENT—IMPLIED PROMISE.

Since there is an implied promise, by one against whom alimony has been adjudged, to pay the same, a verified complaint by an attachment plaintiff alleging an amount due her from the defendant by reason of a certain decree against him for alimony, accompanied by her affidavit alleging his nonresidence, and that she is entitled to recover the amount alleged in the complaint, over and above all counterclaims, is a sufficient compliance with Code Civ. Proc. §§ 635, 636, authorizing attachment on a showing by plaintiff's affidavit that a cause of action exists for breach of an implied contract; that she is entitled to recover a sum stated, over and above all counterclaims known to her; and that the defendant is a nonresident.

2. SAME—PERSONAL SERVICE—JURISDICTION OF RES—JUDGMENT.

Since personal service of summons in attachment is not necessary to jurisdiction of the subject-matter, which rests merely on the attachment, judgment may be rendered without such service, binding the attached property, though such judgment will not be rendered in personam, nor can execution issue thereon against other property.

Action by Mary Whiteman Grevell against Henry M. Whiteman. On motion to vacate attachment. Denied.

Jay K. Smith, for plaintiff.
C. D. Newton, for defendant.

DAVY, J. This is a motion to vacate the warrant of attachment granted herein, on the ground that the affidavit presented to the judge who granted the attachment was insufficient to confer jurisdiction. The papers upon which the attachment was issued consisted of a complaint verified by the plaintiff, and a separate affidavit made by her. The complaint sets forth a cause of action, within the meaning of section 636 of the Code of Civil Procedure. By subdivision 1 of that section the plaintiff must show by affidavit, to the satisfaction of the judge, that one of the causes of action specified in section 636 exists against the defendant. If the action is to recover damages for breach of contract, the affidavit must show that the plaintiff is entitled to recover a sum stated, over and above all counterclaims known to the plaintiff. The complaint alleges that the defendant is a nonresident of this state, residing at Ft. Wayne, Ind., and plain-

tiff is a resident of this state, residing at Henrietta, Monroe county; that prior to the 29th day of October, 1894, she was the wife of this defendant, having been married to him under and by virtue of the laws of the state of New York; that the issue of said marriage was a boy, now of the age of 14 years; that on the 18th day of May, 1894, plaintiff began an action and obtained a decree of divorce on the ground of adultery; that by the terms of the decree she was awarded the custody of the child, and alimony against the defendant to the amount of $50 per year; that no part of the same has been paid, and there is now due the plaintiff, by the provisions of said decree, from said defendant, the sum of $250. The affidavit states the purpose of the action, and that the defendant is a nonresident, residing at Ft. Wayne, Ind., and that the plaintiff is entitled to recover the amount alleged in the complaint, over and above all counterclaims. The allegations in the complaint and affidavit are positively stated,' which brings it within the rule laid down by the court of appeals in Haebler v. Bernharth, 115 N. Y. 459, 22 N. E. 167. In that case a complaint verified by the plaintiff, and a separate affidavit made by him, were presented upon the application for an attachment. The complaint set forth a cause of action on contract for the breach of a warranty. The affidavit stated that the defendants reside in France, and that plaintiffs are entitled to recover from them the amount of damages mentioned in the complaint, over and above all counterclaims. The court held that the allegations were sufficient to confer jurisdiction to grant the attachment.

It is urged by the learned counsel for the defendant that the judgment for alimony does not constitute a matter of contract, express or implied, upon which an attachment can be based, under section 635 of the Code of Civil Procedure. Two kinds of contracts are contemplated by that section: Express contracts, which are such as are voluntarily made by the parties thereto; and implied contracts, which, though not made expressly by the parties, are created by law to establish justice between the parties, which imposes upon a party, against his will, an obligation to pay a debt or discharge a duty. In O'Brien v. Young, 95 N. Y. 432, Judge Earl says:

"A man ought to support his helpless children, and hence the law implies a promise that he will do so. So one ought to pay a judgment rendered against him, or a penalty which he has by his misconduct incurred, and hence the law implies a promise that he will pay."

In this case the divorce judgment made it the duty of the defendant to pay the plaintiff $50 a year alimony. By this judgment there was an implied promise on the part of the defendant that he would pay it, and that duty is not discharged until the alimony is paid. The amount due, therefore, upon the divorce judgment at the time this action was begun is a debt due the plaintiff, which she is entitled to recover; and she states that that debt is due her over and above all counterclaims. It was held in Manufacturing Co. v. Mayor, etc., 108 N. Y. 278, 15 N. E. 402, that an action upon a money judgment, whether recovered for tort or upon contract, is an action to recover money for damages for breach of contract, express or implied, within

the meaning of the provisions of the Code of Civil Procedure. Judge Earl, who wrote the opinion of the court, said:

"After the recovery of this judgment, whether it was recovered for tort or upon contract, the recovery becomes a debt which the defendant was under obligations to pay, and the law implied a promise or contract on his part to pay it. The previous cause of the action, whatever it was, becomes merged in the judgment."

It is also urged that, as the defendant is a nonresident of the state, no judgment can be rendered against him unless he has been personally served with the summons. If these proceedings involved the determination of the personal liberty of the defendant, there could be no question but that he should be brought within the jurisdiction of the court by service of process within the state, unless he voluntarily appeared. But this being a proceeding in rem, and the property having been attached within the jurisdiction of the court, personal service of the summons is not necessary to constitute due process of law, or to give the court jurisdiction of the subject-matter. Hunt v. Hunt, 72 N. Y. 217. The process is effectual to bind such property of the defendant as is found within the jurisdiction of the court. When property is attached, and there has been no personal service or appearance, the judgment will be in rem only, and not a judgment in personam. It will bind only the property attached, and no execution can further issue against other property of the defendant. It is a distinguishing peculiarity of a proceeding in rem that the jurisdiction of the court rests merely upon the seizure or attachment of the property, and no personal service of the summons on the defendant is required. The effect of this rule is that the plaintiff, by attaching the property of the defendant within the jurisdiction of the court, may have it applied towards the satisfaction of her judgment, when recovered. Black, Judgm. § 794.

I am inclined to think that the affidavit and complaint contain the necessary jurisdictional facts to authorize the granting of the writ. The motion, therefore, to vacate the attachment is denied, with $10 costs.