(51 Misc. Rep. 418.)

### SHEPHERD v. SHEPHERD.

(Supreme Court, Special Term, New York County. August, 1906.)

1. JUDGMENTS—ACTIONS—TIME.

A judgment for alimony is a judgment for a sum of money only, within Code Civ. Proc. § 1913, providing that an action on a judgment for a sum of money only cannot be maintained between the original parties unless 10 years has elapsed since the docketing of the judgment, etc.

2. ATTACHMENT—ACTION ON JUDGMENT—DOCKET—DATE—JUDICIAL NOTICE.

Where the complaint in an action on a judgment, as well as an attachment affidavit, alleged that the judgment was rendered by the court in which the attachment suit was brought, and was entered on the 12th day of December, 1895, in the office of the clerk of the court, the attachment was not subject to a motion to quash because it was not alleged that the judgment had been docketed more than 10 years before suit brought, as required by Code Civ. Proc. § 1913; such fact appearing from the records, of which the court would take judicial notice.

3. SAME—AFFIDAVIT—COMPLAINT.

A summons and affidavit being alone sufficient for the issuance of an attachment, as provided by Code Civ. Proc. § 636, any defect in the complaint should be treated as harmless for the purposes of the attachment.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, § 709.]

4. SAME—OTHER REMEDIES.

Where plaintiff was entitled to an attachment as of right, the availability of other remedies was immaterial.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, §§ 40–42.]

Action by Annie M. Shepherd against Walter S. Shepherd. On motion to vacate a warrant of attachment. Denied.

Herman Espen, for the motion.

Willoughby B. Dobbs, opposed.

GIEGERICH, J. The attachment sought to be vacated was issued against the defendant on the ground of his nonresidence, upon a claim based upon his alleged failure to pay installments of alimony as awarded in a final judgment of divorce in favor of the plaintiff. The motion to vacate is made on the papers on which the warrant was obtained; the chief objection advanced being that the action is brought on a money judgment, without any allegation or proof that 10 years have elapsed since the docketing of the judgment, and that consequently no cause of action is stated or proven under the provisions of section 1913 of the Code of Civil Procedure. That the judgment is one for a sum of money, and therefore within the terms of section 1913, is, I think, established by good authority. In Miller v. Miller, 7 Hun, 208 (citing Code, § 285, now section 1240 of the Code of Civil Procedure), it was said that the plaintiff in such an action might issue execution

for the unpaid installments of alimony as they fell due, as the judgment was one for the payment of money. Treating the action, then, as one upon a judgment for a sum of money, the question is whether there is sufficient proof that 10 years have elapsed since the docketing of the judgment. In the complaint, as well as in the affidavit, it is stated that the judgment was rendered by this court and was entered on the 12th day of December, 1895, in the office of the clerk of the county of New York, who is the clerk of this court in this county, There is no statement as to when the judgment was docketed. The rule that courts will take judicial notice of their own records in prior proceedings in the case at bar applies here. The rule in the form above stated is laid down in 17 Am. & Eng. Enc. of L. (2d Ed.) p. 925, supported by citations from various states, including Farmers' Loan & Trust Co. v. Hotel Brunswick Co., 12 App. Div. 628, 42 N. Y. Supp. 693, and People v. Rice, 80 Hun, 437, 30 N. Y. Supp. 457.

Where the action is upon a judgment rendered by the same court, I think the rule ought equally to apply, because the proceedings in the action resulting in the original judgment are, for all practical purposes, proceedings in the case at bar. The fact, as shown by the records of this court kept by its clerk, is that the judgment in question was docketed on the 19th day of December, 1895. The summons in this action is dated June 11, 1906, more than 10 years after the docketing of the judgment, and therefore the case falls within the above-cited provision of section 1913 of the Code of Civil Procedure, which requires the lapse of 10 years after the docketing of the judgment before an action thereon can be commenced. On behalf of the defendant it is claimed that Underhill v. Phillips, 30 App. Div. 238, 51 N. Y. Supp. 801, is an authority in support of the motion to vacate. In that case an action was brought in the Supreme Court upon judgments recovered in a County Court; the allegation being that the plaintiff "recovered the judgments," which were "duly given by said court." Furthermore, the point was there presented not as one of proof, but as one of pleading, the defendant having demurred to the complaint. In the course of the opinion the court said (pages 239, 240, of 30 App. Div., page 801 of 51 N. Y. Supp.) :

"The plaintiff contends that the allegation that he recovered the judgments and that the same were duly given constitutes an allegation that the judgments were docketed at the time of their rendition, on the ground that the statute in force at the time (3 Rev. St. [5th Ed.] p. 639, pt. 3, c. 6, tit. 4, § 12) required the clerk to docket every judgment when rendered, and that it must be inferred that the clerk properly performed such duty. The difficulty with this contention is that it does not arise at this stage of the litigation. The complaint in an action of this character must contain allegations to bring it within the provisions of section 1913, above cited. If it had been alleged that the judgment was duly docketed and the due rendition of the verdict had been proven at the trial, the court, within the authorities cited by the plaintiff's counsel, might possibly hold at the trial that the docketing was to be inferred from the proof that the judgment was rendered, on the ground that it was to be presumed that the clerk had performed the duty required by the statute; but it does not follow that the converse of the proposition is true, and the allegation that the judgment was recovered and duly given is not a sufficient compliance with the requirements of section 1913. The complaint does not contain proper allegations. It should allege the docketing of the judgment

more than ten years before the commencement of this action, or that the court has made an order granting the plaintiff leave to sue, and is defective, as it contains no such allegation."

From this extract it is manifest that the court did not pass, nor attempt to pass, upon any question of judicial notice, but upon the question of what inference could be drawn from the presumption of performance of official duty. Even if the complaint were demurrable in the present case, and if it were necessary as a matter of pleading to allege facts of which the court will take judicial notice, which seems not to be the rule (see 12 Enc. of Pl. & Pr. p. 1, sub nomine Judicial Notice), I do not think that any effect in the complaint ought to be deemed a ground for vacating the warrant of attachment. The validity of an attachment depends upon what is proven by affidavit, not on what is pleaded in the complaint. Code Civ. Proc. § 636. In fact, no pleading is necessary in order to obtain the attachment; a summons and affidavit alone being essential. Code Civ. Proc. §§ 636, 638; Lee v. La Compagnie Universelle, 2 N. Y. St. Rep. 612. No complaint being necessary, any defect in the complaint ought to be treated as harmless for the purposes of an attachment. Considering the point purely as a matter of proof, therefore, I think, as above said, that the court should take judicial notice of its own records in the proceedings which resulted in the judgment now sued upon.

The attachment is also objected to on the ground that the plaintiff's remedy is either to issue an execution for the amount of alimony that may be due or to bring sequestration proceedings and have a receiver appointed. The plaintiff's attorney claims that such remedies, as well as the remedy by proceedings for contempt, have been and are ineffectual, because for more than 10 years after the judgment was docketed the defendant had no property in this state that could be sequestered, and that it was impossible to serve him with orders to show cause on motions to punish for contempt, as he remained out of the jurisdiction of the court. It is unnecessary to consider whether the plaintiff had or has any other remedy, because the determination of that question would in no wise affect her right to the remedy she has elected to avail herself of in this action. In Grevell v. Whiteman, 32 Misc. Rep. 279, 65 N. Y. Supp. 974, certain other objections (not raised in this case) to the issuance of an attachment in an action against a nonresident husband for unpaid installments of alimony are considered and dismissed as having no validity.

The motion to vacate is denied, with $10 costs.