(155 App. Div. 252.)

### SHAW v. SHAW.

(Supreme Court, Appellate Division, Second Department. February 14, 1913.)

1. DIVORCE (§ 129*)—ADULTERY—GROUNDS.
   Circumstantial and indirect proof of adultery, relied on as a ground of divorce, is not necessarily conjectural or speculative.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411–441, 454; Dec. Dig. § 129.*]

2. EVIDENCE (§ 43*)—JUDICIAL NOTICE—JUDICIAL RECORDS.
   The Supreme Court may take judicial notice of proceedings in the action which appear from its own records.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. § 43.*]

3. APPEAL AND ERROR (§ 837*)—RECORD—EVIDENCE.
   Evidence which is only brought to the court's attention by the opinion on a former trial cannot be considered on the present appeal.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3262–3278; Dec. Dig. § 837.*]

Appeal from Special Term, Kings County.

Action by Gertrude L. Shaw against William Barrett Shaw. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 140 N. Y. Supp. 388.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

William Ford Upson, of New York City (William Forse Scott and Francis J. McLoughlin, both of New York City, on the brief), for appellant.

Robert F. Manning, of Brooklyn, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JENKS, P. J. We should not disturb the judgment.

[1] As adulterous acts are naturally secret and clandestine, so proof thereof may naturally be circumstantial and indirect. But that kind of proof, legally speaking, is not necessarily described as conjecture, surmise, guess, or speculation, and the proof in this case is not thus to be catalogued, and hence condemned. While there is no proof of the specific act, even the undisputed evidence affords every indication of guilty relations at the time and place specified. It is, of course, possible that the act itself was not committed, but cogent appearances were entirely against any probability that it was not, and such a possibility was suggested only by the denials of the parties themselves, accompanied by explanations which seem to us incredible.

[2] This court, however, may take judicial notice of certain proceedings in this action, which appear from its own records. Farmers' Loan & Trust Co. v. Hotel Brunswick Co., 12 App. Div. 628, 42 N. Y. Supp. 693; People ex rel. Platt v. Rice, 80 Hun, 442, 30 N. Y. Supp. 457; 4 Wigmore on Evidence, p. 3615; Beer's Stephens Digest of Evidence, p. 253; 1 Rice on Evidence, pp. 18, 19; 1 Chamberlayne's Mod. Law of Evidence, pp. 849, 850.

After the interlocutory judgment in favor of plaintiff was signed, a motion was made to set it aside, and the co-respondent obtained an order to show cause why she should not be examined by a physician or physicians to be appointed by the court. An order was entered appointing a woman physician to examine the alleged co-respondent as to her virginity. That examiner reported in an ambiguous way at first, and then made a supplemental report that the co-respondent might or might not be a virgin, adding, "Being in doubt, I cannot condemn her." After the denial of the said motion, the co-respondent applied at Special Term for an order to settle the issue of fact herein for trial by jury. She submitted affidavits of three physicians, who went into the details of their examinations. One deposed that her general appearance was that of a virgin, and two that in their opinion she was a virgin. The order was denied, and on appeal was affirmed, December 30, 1912, with the following memorandum:

"This order is affirmed for the reason that there is an interlocutory judgment herein. But the affirmance is not upon the merits, and is without prejudice to an application to the Special Term to set aside or to vacate or to open the interlocutory judgment, or the final judgment if it has been entered herein, and for the relief sought for by this motion."

[3] Although, as I have said, the court may thus notice its records, yet it cannot, I think, consider that such medical testimony is in this record now up for review. Chamberlayne's Mod. Law of Evidence, supra, citing Cleveland, Columbus, Cincinnati & Indianapolis R. Co. v. Wynant, 134 Ind. 691, 34 N. E. 569.

The possibility of innocence might have prevailed to judgment if the denials had been supported by such medical evidence. Indeed, the opinion of the court begins:

"Upon the trial I entertained no doubt that the purpose of the defendant respecting the co-respondent was adulterous, but I hesitated to believe that purpose shared by her. I give no credit to the evidence of the detectives so far as they are contradicted, nor to the evidence of Mrs. Haggerty. But re-

flection leads me to abandon my notion of the co-respondent's possible inno-cence of intention which has been from the first the only saving circum-stance in the case."

And we cannot say that the co-respondent might not be relieved from stigma if this proof were adduced upon a trial of the issue of her adultery. We do not mean to control any action of the Special Term if the application for such trial be made once again upon as cogent a showing, but we think it not amiss to say that such applica-tion may well receive serious consideration, without regard either to prior disposition or to this affirmance.

The judgment must be affirmed, with costs. All concur.