### FARQUHAR v. FARQUHAR.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

1. JUDGMENT ☜910(2)—ACTION FOR PAYMENT OF MONEY—ALIMONY—TIME— "JUDGMENT FOR A SUM OF MONEY."

A final decree in an action for divorce, providing for the payment of alimony by installments, is a "judgment for a sum of money," within Code Civ. Proc. § 1913, providing that an action between the original parties thereto cannot be maintained within 10 years from its docketing.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1733, 1734; Dec. Dig. ☜910(2).

For other definitions, see Words and Phrases, First and Second Series, Money Judgment.]

2. JUDGMENT ☜284—DOCKETING—ALIMONY.

A wife, obtaining a final decree in an action for divorce, providing for the payment of alimony by installments, can docket the judgment of unpaid alimony at the foot of the original decree of divorce by a motion therefor.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 559, 560; Dec. Dig. ☜284.]

3. DIVORCE ☜263—JUDGMENT FOR ALIMONY—EXECUTION.

Such judgment can be enforced by execution.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 739; Dec. Dig. ☜263.]

Appeal from Special Term, New York County.

Action by Tennye P. Farquhar against Norman Farquhar. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, PAGE, and DAVIS, JJ.

M. J. Moore, of New York City, for appellant.
Warren Bigelow, of New York City, for respondent.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PAGE, J.  A final decree of divorce was entered in favor of the plaintiff awarding her permanent alimony of $100 per month.  Thereafter by duress and false representations she was induced to enter into an agreement whereby she agreed to accept $50 per month until a son of the parties became 21 years of age, and thereafter $25 per month, which payments plaintiff agreed to accept in full payment of the alimony directed to be paid by the decree of divorce.  Plaintiff brought this action to set aside the agreement and for judgment for the arrears of alimony.  The learned trial justice has found, correctly, upon the evidence, that the agreement should be set aside, and has given judgment for the arrears of alimony.

[1-3]  To allow this recovery in this action contravenes section 1913 of the Code of Civil Procedure, which provides that an action cannot be maintained between the original parties upon a judgment for a sum of money unless ten years have elapsed since it was docketed.  A final decree in an action for divorce which provides for the payment of alimony by installments is a judgment for the payment of money within this section.  Shepherd v. Shepherd, 51 Misc. Rep. 418, 100 N. Y. Supp. 401, affirmed 117 App. Div. 924, 103 N. Y. Supp. 1141.  The plaintiff can docket the amount of unpaid alimony at the foot of the original decree of divorce by a motion for that relief (Thayer v. Thayer, 145 App. Div. 268, 129 N. Y. Supp. 1035), and can enforce the judgment by execution (Miller v. Milller, 7 Hun, 208).

The 16th finding of fact is erroneous and is reversed.  The 38th, 39th, 40th, and 41st findings of fact are reversed, upon the ground that no issues were litigated as to that contract and no conclusions of law are based thereon.  The fifth conclusion of law is reversed.  The decree is modified, by striking therefrom the portion thereof that adjudges that the plaintiff is entitled to $3,525 unpaid arrears of alimony and provides for the collection thereof, and, as modified, is affirmed, without costs.  Settle order on notice.  All concur.