CELIA SCHAFER, Appellant, *v.* ALEXANDER SCHAFER, Respondent.

Supreme Court, Appellate Term, First Department, February Term — Filed March, 1922.

Husband and wife — divorce — alimony — practice — exclusive method of obtaining accrued alimony is by motion to docket the amount due at the foot of the decree.

The exclusive remedy to obtain accrued alimony is by a motion in the Supreme Court that the amount of the unpaid installments be docketed at the foot of the decree of divorce.

Where by a decree of divorce the defendant was directed to pay a sum certain per week for the support and maintenance of a child of the marriage, a judgment rendered for plaintiff in a Municipal Court action to recover the accrued alimony will be reversed and a new trial ordered.

APPEAL by plaintiff from a judgment in favor of the plaintiff, entered in the Municipal Court of the city of New York, borough of Manhattan, fifth district.

*Joffe & Joffe (Joseph Joffe,* of counsel), for appellant.

*Morris Leight (Elias Low,* of counsel), for respondent.

ERLANGER, J. Plaintiff and defendant were married in September, 1904. In October, 1906, a child was born. In June, 1913, a decree was entered in the Supreme Court of this county divorcing the parties for the defendant's fault. In and by said decree the defendant was directed to pay to the plaintiff $3 per week for the support and maintenance of the child. The defendant made default in such payment for sixty-three weeks and $189 accrued at the time of the commencement of this action in the Municipal Court. Plaintiff brought that action in the latter court, on an agreement which she claimed she made with the defendant some

time in June, 1919, pursuant to which he promised, finally and definitely, that beginning with January, 1920, he would pay to her $12 per week for the maintenance of the child, who is now of the age of a little over fifteen. The pleadings were in writing and the complaint declared upon the agreement referred to. The answer admitted the marriage, the birth of the child and the decree of divorce and the amount awarded thereunder for the support of the child, and denied the other allegations of the complaint, and by way of separate defense set up that the $189 which had accrued, and which was unpaid under the decree, was tendered to the plaintiff and refused. Upon the trial plaintiff testified to the making of the agreement, and the defendant as positively denied it. The case was sent to the jury, and in his charge the court instructed them that there was no chance for any compromise and that they must either believe plaintiff or defendant. He evidently meant by that instruction that the plaintiff was entitled to recover all that there was due up to the time of the trial at the rate of $12 per week, or nothing. The jury returned a verdict in the following language, as appears from the record: " We find for the defendant to pay the $3 as ordered by the Supreme Court." Whereupon the court remarked: " That is $189 for the plaintiff really." To which the foreman answered in the affirmative. A motion was made to set aside the verdict and the court again stated " Under the circumstances, as long as the defendant admitted in his answer that he owed a part of the claim I think the verdict is all right." Whether or not the plaintiff could proceed in the Municipal Court to recover upon the contract referred to need not be considered, in view of the verdict. That the plaintiff could not proceed in the Municipal Court to recover the accrued alimony there can be no doubt. *Jacobson* v. *Jacobson*, 85 Misc. Rep. 253; affd., 165 App. Div. 988. Her remedy was to apply to the Supreme Court to docket the amount of the unpaid installments at the foot of the original decree of divorce, by a motion for that relief. *Farquhar* v. *Farquhar*, 172 App. Div. 242. While the cited case applied to arrears of alimony, the same rule is applicable to the case at bar. By docketing such judgment execution could issue. *Thayer* v. *Thayer*, 145 App. Div. 268. The word alimony, in its broad sense, means also an award made for the support of a child or children. *Burr* v. *Burr*, 7 Hill, 207, 213. See, also, *Bucknam* v. *Bucknam*, 176 Mass. 229, 230. The law provides no method for the enforcement of the arrears by independent action unless judgment was entered and ten years have elapsed since it was docketed. *Shepherd* v. *Shepherd*, 51 Misc. Rep. 418; affd., 117 App. Div. 924. It does, however, provide

in precise terms the proceedings to be taken in all matrimonial actions, and plaintiff's remedy under its provisions was exclusive. She could have applied at the foot of the decree for an increase in the award for the support and maintenance of the child; and whether the agreement referred to was made or not, in no way affected the question.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

GUY, J., concurs; WASSERVOGEL, J., concurs in the result.

Judgment reversed.