BLANCHE WOODS BAILEY, Plaintiff, *v.* OSCAR KARLETON BAILEY, Defendant.

Supreme Court, Onondaga County, October, 1922.

**Husband and wife — separation — provisions in decree as to alimony not revoked by subsequent reconciliation and cohabitation — decree may be enforced, as to alimony, by execution — practice — judgment may be directed by order of the court.**

A decree of separation until revoked by an order of the court as provided by section 1165 of the Civil Practice Act, is not affected by a reconciliation and matri-

monial cohabitation of the parties, and after a subsequent separation the provisions of the decree relating to alimony may be enforced by execution as in case of an ordinary judgment.

The plaintiff in such case is not confined to the remedies of sequestration of property or contempt proceedings provided by section 1171 of the Civil Practice Act.

While the clerk, without direction of the court, has no authority to docket the judgment in such an action, the proper practice is to apply to the court for an order directing such docketing.

On March 22, 1918, shortly after the entry of the final judgment in a wife's action which was never revoked or modified, the parties effecting a reconciliation resumed conjugal relations and continued to live as husband and wife until August 22, 1920. *Held*, that the maintenance of the plaintiff by the defendant during the period that they lived together since the entry of the decree in plaintiff's favor was a payment of the installment of alimony accruing during that period, and an order will be granted directing the clerk to docket as a judgment only the amount of the unpaid alimony awarded by the decree of separation, the plaintiff to have execution therefor.

MOTION by plaintiff for an order requiring the clerk to docket as a judgment the arrears of alimony due and unpaid by virtue of a final judgment in an action for separation.

*Smith, Hayden & Setright,* for plaintiff.

*Hogan, Byrne & Byrne,* for defendant.

CHENEY, J.: Plaintiff moves for an order requiring the clerk to docket as a judgment the arrears of unpaid alimony awarded her by a judgment decreeing a separation from the bed and board of defendant entered in Onondaga county January 3, 1918. By that judgment the defendant is directed to pay the sum of ten dollars per week in weekly payments from the date of the judgment for the support and maintenance of the plaintiff. Plaintiff's affidavit states that none of that alimony has been paid.

It would appear to be the settled practice in this state that the plaintiff in a matrimonial action is not confined to the remedies provided by section 1171 of the Civil Practice Act for the collection of alimony awarded by a judgment, that is, sequestration of property or contempt proceedings, but may also proceed by execution as in an ordinary judgment. An execution cannot be issued until the sum due is docketed as a judgment, and as the clerk is without authority to docket a judgment in a matrimonial action without direction of the court, the proper practice is to apply to the court for an order directing such docketing. *Thayer* v. *Thayer,* 143 App. Div. 268; *Jacobson* v. *Jacobson,* 85 Misc. Rep. 253.

Defendant claims and plaintiff admits that shortly after the entry of the judgment of separation, and on March 22, 1918, the plaintiff and defendant effected a reconciliation and resumed

conjugal relations and continued to live together as husband and wife from March 22, 1918, until August 22, 1920. It is not claimed that any revocation or modification of the judgment of separation was ever made by judicial decree.

Defendant claims that by reason of these facts the judgment of separation became a nullity, and that the right to collect alimony fell with it.

It was early held that the rule of the ecclesiastical law of England, that a divorce *a mensa et thoro* only continued until the reconciliation of the parties, never became a part of the law of this state, and that our law of divorce was of purely statutory origin. *Burtis* v. *Burtis,* Hopk. Ch. 557. There has existed in that statutory law from an early period a method by which a judgment in a separation action might be revoked. The present statute is section 1165 of the Civil Practice Act, which provides: " Upon the joint application of the parties, accompanied with satisfactory evidence of their reconciliation, a judgment for a separation, forever, or for a limited period, rendered as prescribed in this article, may be revoked at any time by the court which rendered it, subject to such regulations and restrictions as the court thinks fit to impose."

That is a re-enactment without change of section 1767 of the Code of Civil Procedure, into which it was originally revised from the Revised Statutes, part 2, chapter 8, title 1, section 56.

Until a decree of separation is revoked by an order of the court rendering it, it is not affected by a reconciliation and matrimonial cohabitation of the parties, and after a subsequent separation the provisions therein relating to alimony may be enforced. *Jones* v. *Jones,* 90 Hun, 414; *Hobby* v. *Hobby,* 5 App. Div. 496.

Defendant further claims that the resumption of matrimonial relations was the result of an agreement to the effect that the judgment of separation should be null, void and of no effect and was to be vacated and set aside. This the plaintiff denies.

It is immaterial whether or not such an agreement was made, as no claim is made that it was ever carried into effect by an order of the court which granted the judgment. It is not competent for the parties to a matrimonial action by mere agreement between themselves to amend or revoke a judgment or even modify the alimony provisions thereof. That can only be done in the manner provided by statute. Civil Practice Act, §§ 1165, 1170; *Gewirtz* v. *Gewirtz,* 189 App. Div. 483; *Hallow* v. *Hallow,* 200 id. 642.

But I think it should be held that the maintenance of the wife by the husband during the period that they lived together as husband and wife since the entry of the judgment was a payment

of the installments of alimony accruing during that period, and that judgment should be docketed only for the unpaid portion of the alimony. The parties have agreed upon this amount at $1,200. The amount of the costs in the original judgment, amounting to $74.74, have already been docketed and can be collected by an execution issued thereon.

An order may be entered directing the clerk to docket as a judgment the unpaid alimony awarded by the judgment herein amounting to the sum of $1,200, and that execution issue therefor.

Ordered accordingly.