IDA OSTRIN, Plaintiff, *v.* BERNARD POSNER, Defendant.

Supreme Court, Kings County, September 1, 1925.

Husband and wife — divorce — application by plaintiff for entry of money judgment for accrued alimony for support of plaintiff and child — docketing money judgment is only remedy available to plaintiff — fact that child was turned over to defendant under oral agreement releasing defendant from payment of child's maintenance to plaintiff does not constitute consideration for agreement that wife would forego support — denial of motion to punish defendant for contempt for non-payment of alimony is not bar to docketing of judgment for accrued alimony — reference ordered to determine amount of alimony due.

Plaintiff, who was granted a decree of divorce providing for the payment of six dollars per week for her support and a further sum of three dollars per week for the maintenance of a child, whose custody was awarded to plaintiff, is entitled to the entry of a money judgment for the alimony accrued to the extent that the decree of divorce has not been complied with, since the docketing of said judgment is the only remedy available to the plaintiff.

An oral agreement between plaintiff and defendant under which, during the interval following the entry of the decree, the child was put in defendant's custody under an arrangement whereby in consideration of caring for the child defendant was to cease paying plaintiff for its maintenance, so far as executed constituted a payment of so much of the decree as related to the child, but did not contain a consideration for the agreement of the wife to forego support to which, under the decree, she was entitled. The alleged oral agreement, in so far as it was unexecuted, had no enforcibility.

The denial of plaintiff's motion to punish the defendant for contempt for non-payment of the accrued alimony on the ground that plaintiff was guilty of laches does not constitute an adjudication as to whether the alleged oral contract was or was not a bar to the docketing of the judgment herein for the accrued alimony.

However, a reference will be ordered to determine the amount of alimony that has accrued in favor of the plaintiff for the support of herself and child; the amount of money that has been paid to the wife for her support and for the child's maintenance under the decree of the Supreme Court or under the order of the Domestic Relations Court, and the amount to be credited in favor of the defendant; and a determination of the period of time the child has been in the custody of the father. The net debit, if any, must be docketed as a judgment in favor of the plaintiff against the defendant.

MOTION by plaintiff to direct entry of money judgment for alimony accrued under a divorce decree in her favor. (See, also, 216 App. Div. 812.)

*Joseph M. Paley*, for the plaintiff.

*Leibowitz & Shientag*, for the defendant.

Supreme Court, September, 1925. [Vol. 127

CARSWELL, J. This is a motion under .section 538 of the Civil Practice Act to direct the entry of a money judgment for three thousand two hundred and thirty-four dollars for alimony which has accrued up to July 19, 1925, under a decree of this court in favor of the plaintiff, entered March 9, 1916, in an action for divorce. The decree provided for the payment of six dollars per week to the plaintiff for her support, and a further sum of three dollars per week for the maintenance of a child, whose custody was given to plaintiff. During an interval following the entry of that decree the child was turned over by the plaintiff to the defendant upon the basis of an alleged oral contract. This oral contract was claimed to be that the defendant, in consideration of taking care of the child, was to cease paying, not only the three dollars fixed for the child's maintenance, but also the six dollars provided for the plaintiff's support. Defendant claims that this oral arrangement was lived up to by him; that following a given date no payments were made to the plaintiff, and none were demanded by her until recently. It is also claimed that some time ago the defendant was committed for failure to comply with the decree, and that he was purged by serving the prescribed term of imprisonment required at that time. It is further claimed that certain payments were made pursuant to an order of the Domestic Relations Court, while the decree of this court was still in full force and effect, and that on this application proper credit is not given for these payments.

The defendant also asserts that a motion was made herein to punish him for contempt for non-payment of the alleged accrued alimony, and that said motion was denied by an order entered this month. The ground of denial of this last referred to motion, as shown by the memorandum of the court, was that the plaintiff was guilty of laches. This denial was not an adjudication as to whether the alleged oral contract was or was not a bar to the docketing of a judgment herein for the alleged accrued alimony. (See, also, *Thayer* v. *Thayer*, 145 App. Div. 268.)

The plaintiff asserts that the only remedy available is the one she pursues, to wit, docketing a money judgment; that she may not maintain an action at law for the alleged accrued alimony. Her position is correct. (*Schafer* v. *Schafer*, 118 Misc. 254; *Farquhar* v. *Farquhar*, 172 App. Div. 242; *Bailey* v. *Bailey*, 119 Misc. 433; *Shepherd* v. *Shepherd*, 51 id. 418; Civ. Prac. Act, § 484, subd. 1.)

Plaintiff further asserts that the alleged oral contract is a nullity. The first ground advanced is that the agreement can have no effect to modify the divorce decree herein until it is made effective by an order of this court. There is no such order. This is the rule with

respect to decrees in separation. (Civ. Prac. Act, § 1170; *Gewirtz v. Gewirtz*, 189 App. Div. 483; *Hallow* v. *Hallow*, 200 id. 642; *Jones v. Jones*, 90 Hun, 414; *Hobby* v. *Hobby*, 5 App. Div. 496; *Bailey* v. *Bailey, supra.*) But the decree herein is in a divorce, not a separation, action. A different rule exists with regard to executed agreements with respect to obligations under a divorce decree. (*Van Ness v. Ransom*, 164 App. Div. 483; affd., *sub nom. Parsons* v. *Macfarlane*, 220 N. Y. 605.) The basis for the distinction seems to rest in part upon the fact that in a separation action the marriage status continues, and in a divorce action the status is at an end upon the entry of the final decree. In a separation action, with the marriage status undissolved, section 51 of the Domestic Relations Law has full force and effect. That section declares the common-law obligation of the husband to support the wife, and provides: "A husband and wife can not contract   *   *   *   to relieve the husband from his liability to support his wife."

And, therefore, an agreement such as is relied upon here would have no enforcibility, where there is no payment in a lump sum or otherwise for the future support of the wife, and where such agreement has not been approved by the court by way of modifying an outstanding separation decree. (*Gewirtz* v. *Gewirtz, supra.*) Where a decree of divorce has been entered, as herein, and the marriage relation has been severed, as herein, the above quotation from section 51 of the Domestic Relations Law has no application, since the parties are no longer husband and wife. It follows, therefore, that the case relied upon by the defendant (*Van Ness* v. *Ransom, supra*) has application to the situation herein, if there is a consideration here, as in that case.

There is none. The taking of the child and supporting him would constitute a payment of so much of the decree as related to the child, but the doing of that would not constitute a consideration for the agreement of the wife to forego support to which she was entitled under the decree. The alleged oral agreement had no enforcibility so far as it was unexecuted. The decree that this oral agreement was executed reveals the degree of applicability of *Van Ness* v. *Ransom* (*supra*) to the situation herein. In the *Van Ness* case the agreement was executed; in this case the agreement is executory, save that it was executed in so far as the child was concerned, and the executed part of the contract, so far as the child was concerned, merely substituted the taking care of the child by the father for the making of the payments provided in the decree, for the self-same purpose to support the child. This left unprovided for the support of the wife, the agreement to forego which support had no consideration. It follows, then, that a money

judgment should be entered herein to the extent that the decree of this court has not been complied with.

It appears, however, that there is a dispute as to the degree of compliance, or rather the amount of payments made or credits given for obligations assumed in lieu of payments. This makes necessary a referring of this matter to determine (1) the amount of alimony that has accrued in favor of the plaintiff for the support of herself; (2) the amount that has accrued for the support of the child; (3) the amount of money that has been paid to the wife for her support under the decree of this court, or under the order of the Domestic Relations Court, during the period of time the decree of this court was outstanding; this sum should be credited in favor of the defendant against the debit in item 1; (4) the amount of money paid to the plaintiff for the support of the child, either under the decree of this court or pursuant to the order of the Domestic Relations Court while the decree of this court was still outstanding; this sum constitutes a credit in favor of the defendant against the debit arrived at in item 2; (5) a determination of the period of time the child has been in the custody of the father; the number of weeks of such period to be multiplied by the amount mentioned in the decree for support of the child, and this sum to be credited to the defendant as against the debit arrived at in item 2. When these figures have been arrived at, the net debit, if any, is to be docketed as a judgment in favor of the plaintiff against the defendant.

An order of reference will be made to the official referee to hear and determine the questions of fact enumerated in the items above. Upon his decision a judgment for the net amount may be docketed accordingly.