JOHN KROSSNER and Another, Respondents, v. LANCELOT M. BERKELEY, Appellant.— Order affirmed on argument, with ten dollars costs and disbursements, and appellant's brief ordered stricken from the record. Kelly, P. J., Rich, Manning, Young and Lazansky, JJ., concur.

IDA OSTRIN, Formerly Known as IDA POSNER, Appellant, v. BERNARD POSNER, Respondent.— Order denying motion to punish defendant for contempt reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. That the amount of alimony claimed is due and unpaid is undisputed. Defendant's sole claim in relation thereto is that plaintiff agreed to waive the payment of this alimony if the defendant supported their child. That claim has already been decided adversely to the defendant upon a motion to docket judgment for the unpaid alimony. (See opinion of Mr. Justice Carswell, 127 Misc. 313.) No appeal was taken from the order entered thereon, and that question is, therefore, res adjudicata. Kelly, P. J., Jaycox, Manning, Kapper and Lazansky, JJ., concur.

DIEDRICH SCHEFFER, Appellant, v. JOHN H. PLATE and Another, Respondents. — Judgment dismissing complaint and restraining plaintiff from enforcing judgment of specific performance, and vacating such judgment, reversed on the law and facts, without costs, and judgment directed declaring that defendant Meta A. Plate, wife of defendant John H. Plate, has an inchoate right of dower in the premises described in the complaint, without costs. Defendant John H. Plate became the owner of the premises free and clear of any rights of the McInerney-Klinck Realty Company, which had an exclusive agency to sell the premises in behalf of said Plate when he became the owner. This agency in no wise impaired the dower right of the wife of Plate. The facts did not warrant a finding that plaintiff had rescinded the contract or waived his rights under the specific performance judgment. Defendant John H. Plate had refused to recognize the contract made in his behalf by his agents. The check for $2,000 to the order of the agents was returned to plaintiff before the specific performance action. Findings of fact " fifth " and " sixth " of the decision in the specific performance action are conclusive against the finding of rescission under the facts here presented. Findings in accordance herewith should be settled on two days' notice. Kelly, P. J., Jaycox, Young, Kapper and Lazansky, JJ., concur.

HARRY WEISLER, Respondent, v. THOMAS H. LEWIS, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kapper and Lazansky, JJ.

LONG ISLAND DEPOT BUILDING CORPORATION, Respondent, v. JOSEPH M. GROSS, INC., and JOSEPH M. GROSS, Appellants.— Application denied.

JOHN MALEVICH, Respondent, v. CARMANA REALTY CO., INC., Appellant.— Motion for stay denied. Present — Kelly, P. J., Rich, Manning, Young and Lazansky, JJ.

ESTHER P. CANTON, Appellant, v. COLLIER STREET HOMES, INC., Respondent.— Order denying motion to strike out defendant's answer and for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Manning, Kapper and Lazansky, JJ., concur.