Sigmund Heyman, Plaintiff, v. Philip Wick, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, January 19, 1932.

*Conrad & Hemilich,* for the plaintiff.

*Ira H. Ruben,* for the defendant.

Lewis, David C., J. This action is brought upon a money judgment procured in this court.

The complaint simply states that on November 13, 1923, a judgment was " duly given in favor of the plaintiff and against the defendant, for the sum of $167.48 " in the Municipal Court of the City of New York, after due personal service of the summons.

The complaint is barren of any allegation of the filing of a transcript or of the entry of an order of this court sanctioning this action.

The defendant contends:

1. That the complaint fails to state facts sufficient to constitute a cause of action.

2. That this court has not jurisdiction over the subject-matter of this action.

3. That this action is barred by the six years' Statute of Limitation.

Both sides seek judgment upon the pleadings.

The very character of the judgment invites the jurisdiction of the court. Born of its process it remains its progeny. It owes its life, and looks for its enforcement essentially to the court. And by statute the court that gave the judgment after the lapse of time may grant it additional preservation. By its nature a judgment is more conclusive than an ordinary contract though in law, because of its inherent features as a binding obligation, it is classed as a contract.

"In the case of *Gutta Percha & Rubber Mfg. Co.* v. *Mayor,* 108 N. Y. 276, the court said: ' There are authorities which hold that judgments, for some purposes, are not contracts; but there is no authority that they are never to be treated as contracts, and all of them recognize the implied obligation of every judgment debtor to pay the judgment, and that for the purpose of actions and remedies upon them, they are to be treated as contracts.' * * *

" In the present Code, however, [referring to the New York City Municipal Court Code, interpolation my own] the Legislature has made no specific provision for actions upon judgment, but it is quite clear that the general rule that an action upon a judgment is an action upon a contract was intended to apply. The mere fact that the Legislature has, in the present Code, also provided a provision that the Municipal Court has jurisdiction of ' actions and proceedings of which the Municipal Court of the City of New York had jurisdiction on the thirty-first day of August, 1915,' is immaterial. This clause is evidently intended to cover only such cases, if any, which the Legislature has failed to include in the previous clauses. The Legislature has, by the Municipal Court Code, made the Municipal Court a court of record and has evidently intended to wipe out the limitation of its jurisdiction over actions upon a judgment to judgments of courts not of record." (*Wielar* v. *Watzky,* 94 Misc. 296, at pp. 297, 298. (See, also, *Wyckoff* v. *Williams,* 136 App. Div. 495, and *Mills* v. *Mills,* 95 Misc. 231.)

One is warranted, therefore, in the conclusion that this court has jurisdiction of an action upon a judgment heretofore duly rendered in this court.

Nor can it seriously be disputed that the six years' Statute of Limitations has no application to this action. Since 1915 the Municipal Court of the City of New York has been a court of record; hence its judgments come within the express provisions of sections 44, 48 and 484 of the Civil Practice Act. Under section 44 a judgment of a court of record is saved from any conclusive

presumption of payment until twenty years from the time that the party recovering it was first entitled to a mandate to enforce it. And in section 48 of the Civil Practice Act a judgment of a court of record is expressly excepted from those actions which must be commenced within six years after the cause of action has accrued. The plea of the six years' statute is, therefore, without strength or substance.

However, section 484 of the Civil Practice Act presents a fatal objection to this complaint. Under the provisions of this section it is a condition precedent to the institution of an action upon a judgment rendered in a court of record that either ten years shall have elapsed since the docketing of such judgment, or it was rendered against the defendant by default, or that the court in which the action is brought shall have previously made an order granting leave to bring it. Unless such facts are pleaded and proved the action cannot be maintained.

Though the period within which to issue an execution or transcript out of the Municipal Court is limited to six years, the Municipal Court being a court of record its judgments duly entered are the judgments of a court of record.

We are not now concerned with the facts that the ten-year limitation prescribed by section 48 of the Civil Practice Act may fit in with the statutory provisions making a judgment of the Supreme Court a lien on real property for ten years, while a Municipal Court judgment does not constitute a lien on real property unless duly docketed in the county clerk's office. Nor are we dealing with any rule of law established by judicial precedent. On the contrary, we are concerned with the specific requirements exacted by statute. This is not an instance when reasons for the statute need be considered, but rather a case where the rule of the statute controls. Hence I can find no force in the plaintiff's contention, that because the judgments of our court do not constitute liens against real property, and because no execution or transcript can issue out of this court upon such judgments after the expiration of six years, that, therefore, the provisions of section 484 of the Civil Practice Act have no application. One may not differ with the plaintiff's premise, yet he can dissent with his presumption. The plaintiff fails to bring himself within the protection of section 484 of the Civil Practice Act, and on this ground the complaint is fatally defective.

" The complaint does not contain proper allegations. It should allege the docketing of the judgment more than ten years before the commencing of this action, or that the court has made an order

granting the plaintiff leave to sue, and is defective, as it contains no such allegation." ( *Underhill* v. *Phillips*, 30 App. Div. 238.)

Aside from the equities of a cause of action at this day no court in our jurisdiction is anxious to invite or entertain unnecessary litigation. Plaintiff's motion is denied; defendant's motion is granted, with ten dollars costs, settle order on one day's notice.