MORRIS SUSSKIND, Plaintiff, v. HARRY FREUND, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, March 8, 1933.

Trachtenberg, Schechter & Brill, for the plaintiff.

W. William Suffin, for the defendant.

HARAWITZ, J. The facts herein have been conceded, and the sole question left for determination is whether this court has the power to render a judgment on a prior money judgment in favor of this plaintiff against this defendant where more than ten years have elapsed since the entry of the prior judgment.

The admitted facts show that on the 3d day of January, 1923, this plaintiff recovered a judgment against this defendant in the sum of $58.25 in the Municipal Court of the City of New York, Borough of Manhattan, Second District. The judgment was docketed on the same day.

This action was commenced by the service of a summons on the 4th day of January, 1923, on the judgment recovered on the 3d day of January, 1933. The pleadings are oral, and the answer consists of a general denial and an affirmative defense of the Statute of Limitations.

The affirmative defense may be immediately disposed of. (See Civ. Prac. Act, § 44.) The period of limitations on a judgment of court record is twenty years, and, in view of the fact that only ten years have expired since the entry of the judgment, it is evident that the period of limitations has not expired.

Defendant has urged that the oral complaint in the present action is insufficient by reason of the fact that there is no allegation therein contained to the effect that the judgment was docketed ten years prior to the commencement of this action, and in support of this contention cites the case of *Underhill* v. *Phillips* (30 App. Div. 238). The oral complaint uses the following words: "Action on a judgment duly recovered * * * on the 3rd day of January, 1923, in the sum of $58.25."

However, the proof in the case at bar clearly indicates that the judgment in the former action was not only recovered on the 3d day of January, 1923, but was also docketed on the same day. Section 93 of the Municipal Court Code imposes upon a justice of this court the duty of allowing an amendment of any pleading if substantial justice will be promoted thereby. In accordance with the mandate of this section, I hereby allow an amendment of the oral complaint so as to include a statement that the judgment was docketed on the 3d day of January, 1923.

Section 484 of the Civil Practice Act is governing of the question in issue. The material portion of this section reads as follows: " Limitation of action upon judgment. Except in a case where it is otherwise specially prescribed in this act, an action upon a judgment for a sum of money, rendered in a court of record of the state, cannot be maintained between the original parties to the judgment, unless, either

" 1. Ten years have elapsed since the docketing of such judgment, or * * * "

The section is clearly applicable to the Municipal Court, which became a court of record on the 1st day of September, 1915. (Mun. Ct. Code, § 1.)

It is well to note that section 484 is not an enlargement of the common-law right in an action upon a judgment, but is rather a restriction thereof. (See *Saxe* v. *Peck*, 139 App. Div. 419; *Fenlon* v. *Paillard*, 46 Misc. 151.)

In considering this question, we must look to see what rights the plaintiff would have under its former judgment. By virtue of section 130 of the Municipal Court Code, an execution upon a judgment of the Municipal Court may not be issued after six years from the entry of the judgment. Clearly, therefore, the plaintiff in this case could not issue execution to a city marshal. Furthermore, as no transcript was filed, an execution could not issue to a sheriff. The next question that presents itself concerns the possibility of the plaintiff filing a transcript at this time. This question is fully answered in the case of *Matter of Murphy* (150 App. Div. 460), wherein it was held that a transcript of a Municipal Court judgment must be filed with a county clerk within six years from the entry of the Municipal Court judgment. We, therefore, have the anomalous situation of a judgment creditor without any means to enforce the judgment, although the period of limitations has not run. To hold that this was so would be to make a farce of the provisions of our law.

In any event, it is apparent that the facts at bar are within the purview of section 484 of the Civil Practice Act, and, accordingly, judgment should be granted to the plaintiff.