CATHERINE KOUDELKA, Plaintiff, *v.* EDWARD KOUDELKA, Defendant.

Supreme Court, Special Term, New York County, April 21, 1939.

*Rao, Liggio & Cannella* [*Paul P. Rao* of counsel], for the plaintiff.

*Weil & Schiff* [*Barnett Schiff* of counsel], for the defendant.

SCHMUCK, J. This is an application by plaintiff to punish the defendant for contempt of court for failure to pay installments due for the support of the children of the marriage under a final judgment in an action to annul the marriage. The grant of the judgment became final on March 31, 1925, for the non-age of plaintiff and contained a provision for payment by defendant in the sum of fifteen dollars a week for the support of the two children. Plaintiff has entered a judgment in the sum of $1,170 against the defendant. She has also brought this motion for contempt under section 753 of the Judiciary Law and has obtained a provisional

order of arrest under which the defendant has been taken into custody.

The reason for this form of relief instead of an application under section 1172 of the Civil Practice Act is that the latter section is applicable only to a judgment in an action for divorce and separation. Defendant opposes the application on numerous grounds, the main one being that section 753 of the Judiciary Law has no application.

At the outset it must be observed that the fact that plaintiff has docketed her judgment for arrears is not a bar if the application under section 753 is otherwise authorized by law. Docketing of a judgment is not an election of remedies in such cases. (*Ostrin* v. *Posner* (127 Misc. 313; 216 App. Div. 812). It is largely a clerical act and does not deprive a woman in a proper case from invoking the remedies under section 1172 of the Civil Practice Act. Otherwise, there would be no meaning to requiring such an application to punish for contempt to show that sequestration is unavailable. The docketing of a judgment does not in itself sequestrate any property, particularly so where none exists. Accordingly, a woman might obtain a judgment for arrears and after vain attempts to collect it find herself without a remedy under section 1172 if a mere docketing of a judgment were held a bar to contempt proceedings. It is also to be observed, however, that the failure of the husband to make payments under the decree does not automatically invoke the remedies for contempt under article 19 of the Judiciary Law. There must be a specific showing, as provided in section 1172, that the remedies in sequestration are unavailable, before, by the express language of that section, the contempt remedies in article 19 of the Judiciary Law are available. It is, therefore, idle for plaintiff to argue, while admitting that she has no remedy under section 1172, that she has one under section 753 of the Judiciary Law, which is part of article 19.

The grant of the remedy in a matrimonial action under section 753 is expressly dependent upon whether the action is within the purview of section 1172 of the Civil Practice Act. The naked violation of the order of the court to pay for the support of the children is not a contempt because it is not expressly made so except under the conditions of section 1172 of the Civil Practice Act, which has no application to an annulment action. Section 1140 of the Civil Practice Act would seem to bear out this interpretation. That section provides that upon an annulment the court may make provision for the education and maintenance of a child of the marriage out of the property of the guilty parent.

The specific provision would seem to limit the liability of the husband to the enforcement of a judgment against his property. If the children threaten to become public charges the former wife must resort to other remedies allowed to her by law to enforce some payment for their support.

The motion to punish for contempt is denied. Settle order providing for the release of the defendant from custody.