MILDRED FRONTUTO, Plaintiff, *v.* MICHAEL FRONTUTO, Defendant.

Supreme Court, Special Term, Monroe County, April 26, 1954.

*Gilbert A. Nusbaum* and *Carl C. Tarricone* for plaintiff.

*Abraham G. Francis* for defendant.

WITMER, J. The plaintiff instituted an action in October, 1953, to obtain a judgment for unpaid installments for support of the infant daughter of the parties hereto provided for in a judgment of separation made by this court on September 22, 1944. The defendant interposed an answer containing a general denial, and three affirmative defenses, to wit, (1) six-year Statute of Limitations, (2) oral agreement by the plaintiff to accept less per week than the payments provided for in said decree, and (3) Nevada decree of divorce obtained by the defendant against the plaintiff in 1945, providing for less support for the child. The plaintiff has moved for summary judgment, and has supported the motion with sworn statements that she was not personally served in the Nevada action and did not appear therein. The defendant does not dispute this.

The motion must be denied for a reason not discussed by counsel. The plaintiff may not maintain this action on the judgment of September, 1944, because ten years have not elapsed since entry thereof. (Civ. Prac. Act, § 484, subd. 1; *Farquhar* v. *Farquhar,* 172 App. Div. 242; *Schafer* v. *Schafer,* 118 Misc. 254.) Her proper remedy is to move, upon due notice, for entry of a judgment for the amount of the defaults.

(Civ. Prac. Act, § 1171-b; *Muller* v. *Muller*, 184 Misc. 587; *Durlacher* v. *Durlacher*, 173 Misc. 329; *Ostrin* v. *Posner*, 127 Misc. 313, 314; see *Bartenbach* v. *Bartenbach*, 271 App. Div. 799, and *Bregoff* v. *Bregoff*, 269 App. Div. 902.)

Since upon such motion the defendant may again raise the same defenses, it may not be amiss to note that inasmuch as the Nevada court did not acquire personal jurisdiction of the plaintiff, the Nevada decree does not affect the defendant's obligations under the New York judgment of separation (*Estin* v. *Estin*, 296 N. Y. 308, affd. 334 U. S. 541; cf. *Lynn* v. *Lynn*, 302 N. Y. 193), and that the parties could not modify the judgment of separation by oral agreement (*Kruger* v. *Kruger*, 279 App. Div. 808; *Bartenbach* v. *Bartenbach*, 271 App. Div. 799, *supra; Gewirtz* v. *Gewirtz*, 189 App. Div. 483), but the court may, under certain circumstances, take into account the alleged agreement, if it is shown to have been relied upon by the parties. (See *Bowman* v. *Bowman*, 271 App. Div. 943, and *Gehring* v. *Gehring*, 262 App. Div. 1065.)

Submit order dismissing complaint.