Edward H. Green, Jr., J.
This case, although not complicated, is one of first impression for a District Court. The brief facts are:
Plaintiff sues on a money judgment rendered in the County Court of Suffolk County in the sum of $1,469.08, and docketed in the County Clerk’s office on or about December 7, 1960.
Plaintiff, after issue was joined, moves for summary judgment (CPLR 3211, subd. [b]; 3212) in that there is no defense to the action. The supporting affidavit states that “ the statute of limitations on this judgment is 10 years ” (presumably plaintiff means 10 years as a lien on real property, CPLR 5203; see CPLR 211, subd. [b]) “ and ran out on December 7,1970, and the plain *1001 tiff’s desire to renew the enforceability of its judgment is made pursuant to section 5203 of the CPLR” Defense cross-moves for summary judgment and states that the proper section for this action is CPLR 5014 (subd. 1) and that “ ten years have not elapsed ’ ’ at the commencement of this action.
Putting the motions aside for the moment, the court shall seek to determine if the instant action is one which can properly be maintained in this court.
UDCA article 2 prescribes the jurisdiction of the District Court. Section 202 provides the court with jurisdiction of money actions where the amount sought to be recovered does not exceed $6,000. CPLR 5014 (subd. 1) authorizes the bringing of an action on a money judgment (see CPLR 105, subd. [a]) entered in a court of the State where 10 years have elapsed since the first docketing of the judgment. Therefore, plaintiff can maintain this action under CPLR 5014 (subd. 1) and UDCA, § 202, when the money judgment rendered in another court and docketed in the Suffolk County Clerk’s office does not exceed $6,000. In addition, the primary objective of an action on the judgment under CPLR 5014 (subd. 1) is to revive the lien of judgment (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5014.04) and is not one to enforce it, so that CPLR 5221 (subd. [a], pars. 2, 4), concerning the court where enforcement proceedings are commenced, does not apply. The court has jurisdiction to determine this action.
Plaintiff wishes to extend its lien and cites CPLR 5203 (subd. [b]) as controlling. That section states that the lien may be extended after the expiration of 10 years, for a period no longer than the time during which the judgment creditor was stayed from enforcing the judgment or the time necessary to complete advertisement and sale of the real property. Neither condition has been stated by plaintiff. Plaintiff’s correct theory lies with CPLR 5014 (subd. 1) which permits an action on a money judgment between the original parties after 10 years have elapsed.
Paragraph 3 of the complaint alleges that “ on or about December 7,1960 the plaintiff received judgment against the defendants in the sum of $1,469.08 in the County Court of Suffolk County and said judgment was entered and docketed against the defendants on said day in said amount in the office of the clerk in the County of Suffolk. ’ ’
The summons and complaint were personally served on September 18, 1970, some three months before the 10 years have elapsed from the first docketing. Such defect in failing to commence the action after 10 years have elapsed is fatal to the complaint. (Underhill v. Phillips, 30 App. Div. 238; Frontuto v. *1002 Frontuto, 206 Misc. 214; Susskind v. Freund, 147 Misc. 486; Heyman v. Wick, 142 Misc. 557.)
Plaintiff’s motion for summary judgment is denied, as the' complaint does not state a cause of action, and in addition it had not attached an exemplified copy of the judgment to its motion papers (CPLB 3212, subd. [b]). Defendants’ motion for summary judgment is granted and the complaint is dismissed, without prejudice.