252 P.2d 1071

**TRUJILLO v. TRUJILLO.**

No. 5614.

Supreme Court of Arizona.

Jan. 31, 1953.

John Aboud, of Tucson, for appellant.

Conner & Jones, of Tucson, for appellee.

PHELPS, Justice.

This is an appeal from a judgment of the superior court of Pima County in which Lupita Montoya y Trujillo, plaintiff-appellee, was awarded the sum of $2500 with interest at 6% until paid, against Anastacio Trujillo, defendant-appellant, and from the order denying defendant-appellant's motion for dismissal of the complaint. The parties to this litigation will be hereinafter referred to as plaintiff and defendant.

The facts are that on September 29, 1932, plaintiff (wife) procured a divorce from defendant (husband) in the district court of Sandoval County in the state of New Mexico. The decree awarded the custody of four minor children, issue of said marriage, to plaintiff and provided that defendant should pay to plaintiff for their support the sum of $15 per month. Defendant was duly served with process and was present at said trial, however the records do not show whether he put on any evidence at such trial. Defendant continued to live in New Mexico until 1943 when he moved to Tucson, Arizona, where he has since resided.

In June, 1949, defendant was served at Tucson with an order issued out of the Sandoval County district court of New Mexico supported by the motion of the plaintiff, to appear in that court at 10:00 a. m. July 12, 1949, and show cause why he should not be required to pay all arrears of support money for his minor children as awarded in the decree of divorce, etc., and why he should not be adjudged in contempt of court. The latter proceedings were a part of and a continuation of the original action for divorce, being cause No. 1222 in that court. The defendant ignored the order to show cause and on the return date thereof the district court of Sandoval County heard the evidence of the plaintiff and no evidence being offered on behalf of defendant, found the amount of arrearage for support of such minor children to be the sum of $2500 plus interest at 6% per annum until paid and entered its order and judgment accordingly. That judgment forms the basis for this cause of action.

Defendant has presented for our consideration a number of assignments of error but we believe the learned trial judge has correctly stated the issue to be: did the Sandoval County District Court have jurisdiction to enter the order and judgment dated July 16, 1949? If it did not have jurisdiction the judgment is void. If it is void the superior court of Pima County never acquired jurisdiction to make any of the rulings of which defendant complains. If it had jurisdiction the converse is true.

There is no suggestion by defendant that the district court of Sandoval County, New Mexico, did not have jurisdiction originally to hear and determine the rights of the parties in the divorce action between defendant and the plaintiff, and to render the decree of divorce entered thereon providing for plaintiff's custody of the minor children and for their support during their minority.

The judgment here involved is predicated upon the divorce decree and consists of a calculation of past-due installments of $15 per month for the support of such children (after deducting payments made thereon) from the date of the divorce decree to the date of the judgment upon which this cause of action rests.

148

An examination of the statutes relating to divorce found in the New Mexico Code, 1941, clearly shows that the New Mexico court has statutory authority to retain jurisdiction of divorce actions for the purpose of modifying or changing prior orders respecting the care, custody and maintenance of minor children involved in divorce proceedings. In making the order and entering the judgment thereon in the instant case the court invoked that jurisdiction. See Quintana v. Quintana, 45 N. M. 429, 115 P.2d 1011. There can be no question of its jurisdiction under the language of the statute and it was so interpreted in Quintana v. Quintana, supra. What the New Mexico court did in the instant case was to compute the unpaid installments from the date of the decree until July 16, 1949, the date of the judgment thereon. As above stated the entire proceeding was had in the original divorce action. This is a customary procedure in matters of this character. The case of Barber v. Barber, 323 U.S. 77–88, 65 S.Ct. 137, 89 L.Ed. 82, fully sustains this procedure. Section 19–919 of the New Mexico Statutory Law relates solely to the revival of final judgments which have been in existence for more than five years and has no application to divorce decrees over which the court is given continuing jurisdiction to modify or change the portions thereof relating to the amounts provided for support of minor children. There can be no question of the statute of limitations arising as against the decree of divorce in the instant case. No final judgment was entered in this case until, on the order to show cause, evidence was received by the district court of Sandoval County as to the amount of the unpaid installments provided for in the decree. That judgment is a final judgment as to the amount of installments then accrued.

■ Section 19–101(8)(c) of the New Mexico Code is identical with section 21–406, A.C.A.1939, requiring the statute of limitations to be affirmatively plead. The statute of limitations, however, is personal and may be waived. It will be assumed that a debtor who does not plead the statute when sued does not desire its protection. Forbach v. Steinfeld, 34 Ariz. 519, 273 P. 6.

■ Defendant's right to plead the statute of limitations or any other defense he desired to interpose was limited to the district court of Sandoval County, New Mexico. No such right exists in this state in an action to enforce a foreign judgment. The judgment sued upon is a valid final judgment of the New Mexico court fixing the amount of all installments provided for in the divorce decree which had accrued prior to the date of such judgment. It is res judicata of that fact and is entitled to the full faith and credit clause of article 4, section 1 of the constitution of the United States.

We believe that this disposes of the other questions raised in the assignments of error. The New Mexico court having had jurisdiction, its judgment was a valid judgment. The plaintiff was therefore entitled to introduce whatever testimony was necessary to procure a judgment in this state. It was not error for the trial court to refuse to dismiss the cause of action nor to enter judgment for the plaintiff against the defendant.

The judgment of the trial court is therefore affirmed.

STANFORD, C. J., and LA PRADE, UDALL and WINDES, JJ., concurring.