Bernard S. Meter, J.
Motion to punish for contempt for failure to pay alimony, for security, and for additional counsel fee. Defendant cross-moves for an order of modification, claiming financial inability to continue the required payments and contending that a provision of the original decree requiring him to pay life insurance premiums is invalid and that he is entitled to a reduction because.not all of the children continue to live with and be supported by plaintiff. Plaintiff argues that the cross motion may not be considered because defendant is in arrears, and because a motion to modify must be brought on by order to show cause.
*10 Defendant ‘ ‘ is not prevented from applying for a reduction in alimony because of arrears.” (Bittson v. Bittson, 7 A D 2d 867, 868.) His cross motion does not specify whether it is made under subdivision 3 of section 1172-a of the Civil Practice Act which authorizes modification in a contempt proceeding where defendant shows financial inability to comply, or under the broader power of revision granted by section 1170 of the Civil Practice Act. The provision of section 1172-a referred to authorizes a defense which, it would appear, may be raised by answering affidavit, although cross motion is considered the better practice. (Tripp, A Cuide To Motion Practice [rev. ed.], § 161, par. 2, p. 396.) An order to show cause is a jurisdictional prerequisite to initiation of an original application under section 1170 of the Civil Practice Act because that section requires that the court prescribe the manner in which notice of the application is to be given. But the same reasoning which upheld such an application made by notice of motion personally served on defendant (Silverman v. Silverman, 189 Misc. 227) requires that an application by cross motion be sustained. Not only is cross motion expressly authorized by section 117 of the Civil Practice Act as a means of initiating requests for relief, but plaintiff in bringing on her own application has made the attorney who makes that application for her, her agent for service of any request for cross relief. Whether the cross motion be under sections 1170 or 1172-a, therefore, it is not jurisdictionally defective.
If the application is based on subdivision 3 of section 1172-a only financial inability may be considered. Defendant’s affidavit is wholly conclusory on that question, being phrased in terms of li approximate ” income, and being unsupported by any financial records or reports. It does not make a prima facie showing that either his income or his mode of living has changed, and is, therefore, insufficient to entitle him to a hearing on the defense of financial inability. (Guglielmone v. Guglielmone, 5 A D 2d 778; Shanley v. Shanley, 275 App. Div. 775; see Kruger v. Kruger, 279 App. Div. 808.) Since he admits that he has not paid $1,200 required by the decree to be paid, he is found in contempt and fined the sum of $1,200. He may purge his contempt by the payment of that sum, plus the costs of this proceeding and an allowance of $200 to plaintiff for counsel fees on this motion, within 20 days after service of a copy of the order to be entered hereon with notice of entry. The order may provide that, upon proof by affidavit of default in such payment, defendant may be committed without further notice.
*11 Those portions of the cross motion that seek to delete the insurance provision and to reduce the amount provided for support of the children constitute no defense to the contempt proceeding, but may be considered under section 1170 of the Civil Practice Act. While the Official Referee decided on prior hearing herein that the absence of a son in the Navy was not ground for reduction and that decision, affirmed by the Appellate Division (6 A D 2d 893) and the Court of Appeals (5 N Y 2d 960), cannot be relitigated, the moving papers do allege that Barbara has removed from her mother’s home and is living with her father. While this would not automatically entitle defendant to a reduction, it must be considered together with the relative income of both parties in determining whether the decree should be modified. (Sacknoff v. Sacknoff, 6 A D 2d 879.) A hearing must, therefore, be held on the cross motion. Plaintiff’s request that defendant be required to post security will be held in abeyance pending such hearing.
Settle order granting the motion to punish for contempt as hereinabove set forth, setting the cross motion down for hearing on a date to be fixed in the order, deferring ruling on the application for the posting of security until after such hearing, and providing that plaintiff may apply at the end of said hearing for counsel fee on the cross motion.