478 P.2d 130

**Eileen BAURES, Appellant,**

**v.**

**Jack BAURES, Appellee.**

**No. 1 CA–CIV 1164.**

Court of Appeals of Arizona, Division 1.

Dec. 22, 1970.

Rehearing Denied Jan. 26, 1971.

Review Denied March 2, 1971.

Marks & Marks by Philip J. Shea, Phoenix, for appellant.

John S. Schaper, Phoenix, for appellee.

HOWARD, Chief Judge.

This appeal presents for review the sum awarded by the lower Court to the appellant for child support arrearages.

The parties were divorced in 1956. The divorce decree granted custody of their minor child to appellant and ordered appellee to pay, through the clerk of the Maricopa County Superior Court, the sum of $125.00 per month for child support. (Two installments of $62.50 each, payable on or before the first and fifteenth day of each month.)

These child support payments were to continue until the minor child attained the age of twenty-one years, married, died, or until further order of the court.

The Superior Court Clerk's record of support payments reflects that the appellee made these payments regularly through August, 1961 and the only payments thereafter were $50.00 in February, 1963, $50.00 in March, 1963 and $500.00 in April, 1963. At the hearing below, appellant testified that, in addition to these payments, she had received $2,088.65 in June, 1966, $5.00 in November, 1966, and $15.00 in February, 1967.

The appellant, now Mrs. Wanamaker, remarried in 1961. She and her daughter left the United States in September, 1961 to reside in Germany with her second husband. Shortly thereafter, appellant and her daughter returned to the United States for a visit and then returned to Germany in the summer of 1962. They remained in Germany until June, 1965, whereupon they returned to Phoenix, Arizona. During the three year period in Germany, the daughter resided with appellant and her second husband.

When they returned to Phoenix, Arizona, appellant and her daughter moved into the home which had been awarded to appellant in the divorce decree. (The house had been rented while appellant was living in Germany.) Appellant, although still married to Mr. Wanamaker, was separated from him and she and her daughter continued to reside in the Phoenix home. In 1966, the daughter refused to go to California for Thanksgiving with appellant and moved in with appellee where she remained for approximately fourteen months.

Appellee testified that he had purchased a $750.00 car for his daughter when she was sixteen. He also testified that he had given her $200.00 for a trip to Utah; that he had spent $75.00 or $80.00 per semester for two semesters at Phoenix College and that the $600.00 paid to the court clerk in 1963 had been sent at the request of his daughter "for something she needed at the time" and had not been sent to appellant.

The trial court, as reflected by a minute entry order, determined that appellee was not liable for support payments during the period September, 1961 to June, 1965 when the daughter lived in Germany and during the period of November, 1966 through January, 1968 when she lived with him. Appellee was directed to pay arrearages in the total sum of $2,375.00.

We agree with appellant that child support payments may not be altered retroactively. McClanahan v. Hawkins, 90 Ariz. 139, 367 P.2d 196 (1961); Adair v. Superior Court, 44 Ariz. 139, 33 P.2d 995 (1934); Badertscher v. Badertscher, 10 Ariz.App. 501, 460 P.2d 37 (1969). The fact that appellant's second husband took the minor child into his home as a member of the family did not relieve appellee of his duty to support his child and he was not entitled to have credit by reason thereof. Howard v. Howard, 331 P.2d 946 (Okl. 1958); Jackman v. Short, 165 Or. 626, 109 P.2d 860 (1941). The divorce decree awarded custody of the daughter to appellant and contained no prohibition against taking her out of this jurisdiction.

Reasonable visitorial privileges were extended to appellee, including the right to have the child during each summer vacation period for not less than one week nor more than one month, dependent upon the agreement of the parties. Appellee testified that he was advised by former counsel to cease making support payments while the child was in Germany, apparently because of deprivation of these visitation rights. Appellee was ill-advised since visitation rights are not superior to a child's needs. The fact that appellant took the child out of the jurisdiction, thereby depriving appellee of his opportunity for visitation, did not work a forfeiture of the child support payments. McNabb v. McNabb, 47 Cal.App.2d 623, 118 P.2d 869 (1941); Corson v. Corson, 46 Wash.2d 611, 283 P.2d 673 (1955).

Appellee cites to us the case of M— v. M—, 313 S.W.2d 209 (Mo.App.1958) for the proposition that appellant was not entitled to recover payments for the period during which her second husband was supporting the child. The facts of that case are clearly distinguishable. The father had discharged the obligation imposed on him by making support payments to the paternal grandparents to whom the mother had surrendered physical custody of the children and had agreed that payments be made to them. The court held that the record demonstrated "substantial compliance with the spirit and intent of the decree" and that since the children, the real beneficiaries of the divorce decree, had received the benefits of the payments made to the grandparents, the mother would be unjustly enriched if the father were required to make payment again to her.

In the case at bench, we find no "substantial compliance with the spirit and intent of the decree" during the period in which the child lived in Germany. Appellee cannot foist his obligation to support his child upon appellant's second husband and then be heard to cry "unjust enrichment." The circumstances do not warrant equitable intervention and therefore, the trial court erred in excluding the accrued payments for August, 1961 to June, 1965 from the computation of arrearages.

Appellee argues, however, that even if appellant is entitled to support payments for this period, those installments which accrued more than five years prior to the commencement of these proceedings on June 13, 1968, are barred. He contends that only those installments which could be subject to collection by the issuance of execution under A.R.S. § 12–1551 can be included in a judgment for arrearages. We reject this contention, as did the Arizona Supreme Court in the case of Trujillo v. Trujillo, 75 Ariz. 146, 252 P.2d 1071 (1953), wherein it was stated:

"* * * Section 19–919 of the New Mexico Statutory Law [statutory counterpart of A.R.S. § 12–1551] relates solely to the revival of final judgments which have been in existence for more than five years and has no application to divorce decrees over which the court is given continuing jurisdiction to modify or change the portions thereof relating to the amounts provided for support of minor children. There can be no question of the statute of limitations arising as against the decree of divorce in the instant case. No final judgment was entered in this case until, on the order to show cause, evidence was received by the district court of Sandoval County as to the amount of the unpaid installments provided for in the decree. That judgment is a final judgment as to the amount of installments then accrued." 75 Ariz. at 148, 252 P.2d at 1072.

The rule has been adopted in a number of jurisdictions that where a divorce decree provides for installment payments of child support, the defense of the statute of limitations may be available to bar certain unpaid installments. In other words, the statute commences to run against each installment as it becomes due. See annotation 70 A.L.R.2d 1250, § 4(b). Appellee, however, did not raise this defense and therefore is deemed to have waived it. Trujillo v. Trujillo, supra. Furthermore, assuming arguendo the limitations period had commenced running as to certain unpaid installments, the payments made by appellee in 1966 and 1967 constituted an acknowledgment of the indebtedness and prevented assertion of the statutory bar. Duncan v. Roane, 127 So.2d 191 (La.App.1961).

We now address ourselves to the question of whether appellee was entitled to credit for the installment payments for the period during which the child lived with him. Two recent cases in this jurisdiction recognize the rule that a father should be allowed credit for expenditures made while the child is in his custody, where such payments constitute a substantial compliance with the spirit and intent of the divorce decree. Badertscher v. Bad-

ertscher, supra; Cole v. Cole, 101 Ariz. 382, 420 P.2d 167 (1966). However, in both cases the respective fathers had successfully petitioned the court for change of custody.

There is considerable conflict among cases as to whether any credit can be given for expenditures made by the father on behalf of his children other than as provided by the divorce decree. Some decisions take the view that since the obligation of the father has been fixed by the decree, it cannot be satisfied except by strict compliance with its terms. Other decisions hold that where the compulsion of circumstances makes necessary direct expenditures by the father, he will be given credit when these expenditures constitute substantial compliance with the spirit and intent of the decree. See annotation 2 A.L.R.2d 831. There is no general rule as to when the circumstances require giving the father credit. Martin v. Martin, 59 Wash.2d 468, 368 P.2d 170 (1962). We can conceive of situations where the circumstances will support a finding of express or implied consent on the part of the mother to a mode of payment other than that called for in the decree. See e. g. Headley v. Headley, 277 Ala. 464, 172 So.2d 29 (1964); Chapman v. Chapman, 177 Or. 239, 161 P. 2d 917 (1945); Mason v. Mason, 148 Or. 34, 34 P.2d 328 (1934); Ostrin v. Posner, 127 Misc. 313, 215 N.Y.S. 259 (1925). Such is not the case here.

We are of the opinion that a court order for child support payments should not be considered alterable by a party. Whether or not support payments should be continued is a matter for judicial determination and not a matter to be decided by the party upon whom the obligation rests. Trimble v. Trimble, 16 Ill.App.2d 408, 148 N.E.2d 612 (1958); Spivey v. Furtado, 242 Cal.App.2d 259, 51 Cal.Rptr. 362 (1966); Spencer v. Spencer, 312 S.W.2d 360 (Ky.1958). There is nothing in the record which indicates that appellant either expressly or impliedly consented to a mode of payment other than that called for in the divorce decree. Under these circumstances, notwithstanding the fact that the child lived with appellee for a period of time, he was not entitled to credit against the arrearages for such period. Bradford v. Futrell, 225 Md. 512, 171 A.2d 493 (1961); Combs v. Combs, 216 Ga. 715, 119 S.E.2d 341 (1961); Koon v. Koon, 50 Wash.2d 577, 313 P.2d 369 (1957); Tucker v. Tucker, 398 S.W.2d 238 (Ky.1966); Morrison v. Morrison, 122 So.2d 199 (Fla.App.1960); Stafford v. Stafford, 27 Misc.2d 9, 203 N. Y.S.2d 935 (1960); Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (1953).

A father who is required to make periodic payments for the support of minor children has an opportunity to relieve himself of that liability by a petition to modify the decree *in futuro* but he cannot remain silent while the installments accrue and then claim credit for his voluntary acts. In view of the mandatory requirements of the divorce decree as to payments of the monthly support installments to appellant, although it is to appellee's credit that he cared for his daughter, he was a volunteer and is not thereby relieved from the obligations of the decree. As stated in Bradley v. Fowler, 30 Wash.2d 609, 192 P.2d 969 (1948):

> "If, under such a decree as we have here before us, the father could refuse to make the payments required of him, and in an attempt to justify such refusal show that he had expended certain sums of money on his children while they were with him, it is evident there would be continuous trouble and turmoil. If a party to such a decree is not satisfied with its provisions relative to the custody of the children, or payments required to be made for their support, such a party may always come into court and ask for a modification of the decree." 192 P.2d at 975.

We hold, therefore, that the trial court erred in allowing appellee credit for the period of time that the child was living with him.

Appellee asserted the defense of laches but such defense is not available absent a showing of abandonment by appellant of her claim or prejudice to the appellee. Patterson v. Patterson, 102 Ariz. 410, 432 P.2d 143 (1967). Appellee was not relieved of his obligations merely because appellant was dilatory. French v. Johnson, 16 Utah 2d 360, 401 P.2d 315 (1965); Poe v. Poe, 246 Or. 458, 425 P.2d 767 (1967). Appellant asserted a claim for interest and the trial court apparently declined to allow same. Although some courts have permitted interest upon past-due installments from the date they accrue until paid, see annotation 33 A.L.R.2d 1455, others have considered it equitable to disallow such interest. E. g. McClure v. Dowell, 15 Utah 2d 324, 392 P.2d 624 (1964); Sutton v. Leib, 199 F.2d 163 (7th Cir. 1952). Since appellant was dilatory in enforcing her claim, it was not inappropriate to deny her interest. 47 C.J.S. Interest § 29.

Judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.