585 P.2d 261

STANGE COMPANY and Firemen's Fund Insurance Companies, Petitioners,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Rex Poindexter, Respondent Employee,

Cal-Compack Foods, Beatrice Foods Company, Respondent Employer,

Gallagher Bassett Insurance Service, Affiliated FM Insurance Company, Respondent Carriers.

No. 1 CA–IC 1828.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 22, 1978.

Rabinovitz, Minker & Dix, P. C. by Bernard I. Rabinovitz and Charles H. Rehling, Tucson, for petitioners.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Davis, Eppstein & Tretschok, P. C. by Robert W. Eppstein, Tucson, for respondent employee.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by J. Victor Stoffa, Phoenix, for respondent employer and respondent carriers.

## OPINION

WREN, Judge.

In this special action, the petitioner employer, Stange Company, attacks an award of the Industrial Commission as being unsupported by the evidence. Stange further alleges that the award must be set aside because the employee failed to show a meritorious reason for the late filing of his request for hearing, thereby depriving the Commission of jurisdiction to entertain the merits of petitioner's protest of the action taken on his claim.

A review of the evidence in a light most favorable to sustaining the award, *Capitol Foundry v. Industrial Commission,* 27 Ariz. App. 79, 551 P.2d 69 (1976), reveals the respondent employee, Rex Poindexter, has a history of back injuries beginning at age 7 when he fell out of a tree. At age 14 he twisted his back and underwent a lumbar laminectomy in 1973 when he was 37 years old.

On September 25, 1974, the employee suffered his first industrial back injury while employed by Stange. A laminectomy was performed in January 1975, then on May 7, 1975, the employee's claim for compensation was accepted by Fireman's Fund, the insurance carrier for Stange.

The employee was released for light work on April 14, 1975, and although he suffered from intermittent back pain, he successfully performed his duties until July 29, 1975. On that date he allegedly suffered a new injury to his back while rolling some 250 pound drums of chili for his employer, now known as Cal-Compack Foods, insured by Affiliated FM Insurance Company.

Following this occurrence at Cal-Compack Foods, Fireman's Fund, the carrier for the 1974 injury, issued a notice of claim status on October 13, 1975, denying "any and all medical treatment in connection with the injury of 8–1–75." By request for hearing filed four days late the employee protested this action by Fireman's Fund. On the face of the request for hearing is a

notation stating: "This request for hearing is four days late because either Applicant did not receive a copy or was confused by the interrelationship of the two cases and in any event, this attorney was unaware of a notice of claim status being issued until December 16, 1975."

On February 19, 1976, the employee again underwent back surgery at the same level—L5–S1—as in 1973 and 1975. Then, on June 9, 1976, the employee filed a claim for benefits against Cal-Compack Foods and its insurer of July 29, 1975, Affiliated FM. The claim was denied and the employee again requested a hearing.

Hearings were held by the Industrial Commission, resulting in an award requiring Fireman's Fund to pay continuing benefits based on the 1974 incident and finding that no new injury occurred on July 29, 1975. The hearing officer found that the employee's continuing back problems and surgical repairs were causally related to the 1974 injury.

None of the parties ever raised the issue of the late filing of the request for hearing until after the award was affirmed on review and this special action had been commenced. The hearing officer did not, therefore, deal with that topic in his award, but simply resolved the merits of the issues raised in the requests for hearing.

█ As to petitioners' claim that there is no evidence to support the hearing officer's determination that no new injury occurred on July 29, 1975, the testimony of Joel D. Fisler, M.D., is dispositive. Dr. Fisler had examined the employee in September 1976, and had extensive medical reports available to him. Based on his knowledge gained from these sources, Dr. Fisler testified as follows:

"Q. Can you say, Doctor, as a matter of reasonable medical probability that the barrel-rolling incident did not herniate his disc?

A. I don't feel that it did.

Q. I am not asking you that. I am asking you—

A. I don't feel, within the realm of medical probability, that it did, according to the history available to me and the records available to me."

Petitioners make much of the distinction between legal and medical causation. They argue that if the July 29, 1975 incident hastened the need for surgery or aggravated the disc problem, then it was the legal cause of the subsequent surgery and Affiliated FM is the responsible carrier, citing *Tatman v. Provincial Homes,* 94 Ariz. 165, 382 P.2d 573 (1963). Dr. Fisler's testimony, however, was that the barrel-rolling incident did not affect the need for surgery which would have been required as a result of the 1974 injury with or without the July 29, 1975 barrel rolling.

There was reasonable support in the record for the hearing officer's award and we will not set it aside on that basis.

Petitioners' second claim is that because the request for hearing protesting the Fireman's Fund notice of claim status was four days late, a hearing should have been held to determine whether the late filing was to be excused. The first time the question of the untimely filing was raised was in petitioners' opening brief, no mention of it having been made at either the hearing or post-hearing stages of this case when it was before the Industrial Commission. Petitioners now urge that the issue is one relating to subject matter jurisdiction and can therefore be raised at any time. They argue that since no showing of a meritorious excuse for the late filing was made by the employee, Fireman's notice of claim status disclaiming liability for the July 29, 1975 [1] incident is final. We disagree.

█ The failure to raise the issue of the untimely filing resulted in its being waived. The 60-day limit for filing a request for hearing established by A.R.S. § 23–947 is no longer jurisdictional. *Andrew v. Industrial Commission,* 118 Ariz.

---

1. Fireman's notice of claim status refers to an injury of 8–1–75 but there was some confusion as to exactly when the barrel rolling took place and we consider the notice as referring to the claimed back injury, whether occurring on July 29 or August 1, 1975.

275, 576 P.2d 134 (1977). Since the case of *Parsons v. Bekins Freight,* 108 Ariz. 130, 493 P.2d 913 (1972), our courts have held that the failure to file a request for hearing within 60 days of the action being protested does not operate to deprive the Industrial Commission of jurisdiction to decide the merits of the protest, provided the claimant appears to have a meritorious position, the facts do not establish excessive delay, and the delay does not prejudice the insurance carrier. In this regard, the failure to file a request for hearing within 60 days is similar to the failure to file a claim for compensation benefits within one year of an industrial accident as required by A.R.S. § 23–1061. When a claim for compensation is filed beyond the one year limitations period, the issue of its lateness must be timely raised as an affirmative defense by the opposing party. Failure to raise the issue results in its waiver. *Priedigkeit v. Industrial Commission,* 20 Ariz.App. 594, 514 P.2d 1045 (1973).

In the case of a late request for hearing, since the lateness may be excused, it is likewise waived if not raised. As our holding in *Priedigkeit v. Industrial Commission* suggests, the issue of a late filing must be considered in the nature of an affirmative defense. The same is true in civil actions where the defense of the statute of limitations must be timely raised or it is waived. *Trujillo v. Trujillo,* 75 Ariz. 146, 252 P.2d 1071 (1953).

In this case petitioners' failure to raise the question of the late request for hearing until it filed its opening brief resulted in a waiver of the defense. The hearing officer should have been given an opportunity to rule on this question, and we will not now consider on review an issue not raised before the Industrial Commission where the petitioner has had an opportunity to do so. *Stephens v. Industrial Commission,* 114 Ariz. 92, 559 P.2d 212 (1977). Petitioners had a number of opportunities to raise the defense. They did not do so and have thereby waived it.

The award is reasonable and is supported by the evidence.

Award affirmed.

SCHROEDER, P. J., Department C, and NELSON, J., concur.