988 P.2d 621

**In re the Marriage of Nancy Marie JOHNSON, Petitioner– Appellee,**

v.

**Gerald Lloyd JOHNSON, Respondent– Appellant.**

**No. 1CA–CV98–0690.**

Court of Appeals of Arizona, Division 1, Department E.

Sept. 21, 1999.

Troy L. Brown, P.C. by Troy L. Brown, Mesa, Attorneys for Petitioner–Appellee.

Steiner & Steiner, P.C. by Richard A. Steiner, Norris C. Livoni, Phoenix, Attorneys for Respondent–Appellant.

## OPINION

VOSS, Judge.

¶1 Appellant/husband appeals from an order entering judgment for monies that had been ordered to be paid on a monthly basis in a decree of dissolution. The only issue husband raises on appeal is whether the trial court erred in determining the amount of the judgment for appellee/wife to include payments that had accrued under the decree of dissolution more than five years before the date of her petition seeking enforcement of the decree.

### FACTS AND PROCEDURAL HISTORY

¶2 The marriage of Nancy Marie Johnson and Gerald Lloyd Johnson was dissolved by decree entered on April 27, 1978. The parties' property settlement agreement, which was incorporated into the decree, gave wife an interest in husband's military retirement account funds by providing for her to receive $200.00 per month indefinitely as her interest in the retirement funds and for husband to cause an allotment in favor of wife to be issued so that she would receive the payments directly.

¶3 In 1982, wife brought an action to enforce this provision of the decree because the payments were in arrears. The trial court entered judgment for the arrearages in the amount of $1,600.00.

¶4 Husband failed to pay part of the judgment for arrearages. As for the monthly payments coming due thereafter, he neither caused the allotment to be made in wife's favor nor made any of the payments to her himself.

¶5 Meanwhile, though, wife allowed fifteen more years to pass without taking further action to protect her rights to receive the payments ordered under the dissolution decree. She did not renew the arrearage judgment nor take any legal action to collect any of the payments that would have accrued thereafter until December 2, 1997, when she filed the instant petition to enforce the decree.

¶6 Husband's primary argument in the trial court was that he and wife had entered

into an oral agreement soon after the decree was entered that wife would waive her right to the monthly payments in return for his taking custody of their youngest child and supporting her without receiving any contribution for her support from wife. Secondarily, he argued that A.R.S. § 12–1551(B) prevented wife from recovering any of the monthly payments that had become due and payable pursuant to the property settlement agreement more than five years prior to wife's present petition to enforce the decree.

¶ 7 Wife disputed that the parties had entered into an agreement by which she gave up her rights to the monthly payments. She also argued that, even if the parties had reached an agreement to change some of the provisions of their property settlement agreement, it would not have been effective without court approval because of the merger of the property settlement agreement into the decree. Finally, she argued that A.R.S. § 12–1551(B) did not prevent her from collecting some of the payments that had come due, but cited no authority for that position. She sought judgment for all the payments that had accrued, including those she had been awarded previously in the arrearage judgment entered in 1982.

¶ 8 The trial court determined that the property settlement agreement had merged into the decree, and concluded that there had been no binding agreement for wife to waive her rights to the monthly payments. The court ruled that the earlier arrearage judgment had lapsed and could not be collected, but it ruled that wife was entitled to all of the monthly payments that had accrued since that time. The court entered judgment for $38,800.00, representing payment of $200.00 per month for 194 months. It then reiterated the order for husband to cause an allotment to be issued in favor of wife from his military retirement funds, directing that this action be taken within 60 days from its ruling.

1. We point out that, more recently, A.R.S. § 25–503(J) has been enacted, providing a longer limitations period for judgments and orders providing for child support, as noted in A.R.S. § 12–1551(D).

## DISCUSSION

¶ 9 On appeal, husband abandons his contention that he and wife reached any enforceable agreement that she would not claim entitlement to the monthly payments set forth in the decree. He argues only that the trial court erred in determining the amount of the judgment by failing to apply A.R.S. § 12–1551(B). Whether this statute of limitations applies is a question of law which we determine de novo. *Transportation Inc. Co. v. Bruining*, 186 Ariz. 224, 226, 921 P.2d 24, 26 (1996).

¶ 10 The statute of limitations pertaining to judgments, A.R.S. § 12–1551(B), provides as follows:

B. An execution or other process shall not be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is renewed by affidavit or process pursuant to § 12–1612 or an action is brought on it within five years from the date of the entry of the judgment or of its renewal.

Husband argues that, pursuant to this statute, the monthly payments that fell due more than five years prior to commencement of suit were barred; therefore, the judgment must be modified to reduce the amount owed for past due payments. We agree.

¶ 11 In applying A.R.S. § 12–1551(B) and its predecessors to judgments payable in installments, Arizona courts adhere to the rule that the five-year limitation period "begins to run from the period fixed for the payment of each instalment as it becomes due." *Schuster v. Merrill*, 56 Ariz. 114, 118, 106 P.2d 192, 193 (1940) (*quoting De Uprey v. De Uprey*, 23 Cal. 352 (1863)). The many Arizona cases in which the rule has been applied in the past happen to be cases construing the applicability of A.R.S. § 12–1551 to installment payments in judgments pertaining to monthly support orders.[1] *See, e.g., id.; Chudzinski v. Chudzinski*, 26 Ariz.App.

No argument has been made that the trial court treated the payments for wife's interest in the retirement funds as child support payments to allow the longer statute of limitations to apply, and we would find no support in the record to uphold a ruling to that effect.

130, 546 P.2d 1139 (1976); *Bruce v. Froeb*, 15 Ariz.App. 306, 488 P.2d 662 (1971); *Baures v. Baures*, 13 Ariz.App. 515, 478 P.2d 130 (1970). We can think of no possible reason why the rule would not be equally applicable where a judgment or decree orders installment payments in the division of property rights, and wife has suggested none. Other courts have so held. *See, e.g., Dolly v. Nichols*, 386 N.W.2d 261 (Minn.App.1986) (where decree had ordered that one spouse's interest in the homestead be paid in installment payments, installments falling due outside the statutory period were barred in the enforcement action). Moreover, Division Two of this court has reached a consistent decision concerning installment payments under a contract. *See Navy Fed. Credit Union v. Jones*, 187 Ariz. 493, 930 P.2d 1007 (App.1996) (holding in part that the applicable limitation period commences on the due date of each matured but unpaid installment owed under a contract).

¶ 12 Wife agrees on appeal that the trial court erred in entering judgment as to the payments that came due more than five years before she filed her enforcement action unless the court found husband in contempt for failing to have the allotment created in favor of wife to allow payments from the military retirement fund to be made directly to her. Accordingly, she argues that the trial court entered judgment for the larger amount because it found contempt.

■ ¶ 13 We find no merit to this argument. Wife's petition to enforce the judgment did not request that husband be found in contempt of court for failing to cause the allotment to be created. We have scruti-nized the trial court's ruling and find nothing in it indicating that the trial court was holding husband in contempt. The mere fact that the trial court reiterated that husband must cause the allotment to be created, without more, does not mean that it was holding husband in contempt. We also find nothing in the transcript of hearing that would lead us to this result. The only reasonable conclusion we can reach in this case is that the trial court's judgment reflects error in its failure to exclude payments that accrued five years prior to wife's initiation of this action.[2]

¶ 14 The parties agree that, assuming A.R.S. § 12–1551(B) is applicable, the judgment should be modified to enter an amount of $13,800.00, representing the payments due during the 69–month period beginning five years before the enforcement action was filed and ending when judgment was originally entered. For the reasons explained in this decision, we find A.R.S. § 12–1551(B) applicable. We modify the judgment to grant wife an award of $13,800.00 in arrearages, instead of the $38,800.00 ordered by the trial court, but we affirm the trial court's judgment in all other respects.

CONCURRING: WILLIAM F. GARBARINO, Presiding Judge, and THOMAS C. KLEINSCHMIDT, Judge.

---

**2.** As the Federal Court of Appeals for the Ninth Circuit stated in *United States v. Powers*, 629 F.2d 619, 627 (9th Cir.1980):

Punishment for civil contempt is usually considered to be remedial. The penalty is designed to enforce compliance with a court order. For that reason civil contempt punishment is conditional and must be lifted if the contemnor obeys the order of the court.

(Citations omitted). *Accord Korman v. Strick*, 133 Ariz. 471, 473–74, 652 P.2d 544, 546–47 (1982) (*quoting Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 442, 31 S.Ct. 492, 55 L.Ed. 797 (1911)). That the trial court did not condition payment of the excess portion of the judgment on husband's taking action to have the allotment created further leads us to conclude that its ruling did not involve a finding of contempt.