NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MABLE M. HALL,
*Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA,
*Respondent*,

WALMART STORES, INC.,
*Respondent Employer*,

WALMART ASSOCIATES, INC.,
C/O CLAIMS MGMT, INC.,
*Respondent Carrier*.

No. 1 CA-IC 17-0004
FILED 11-14-2017

Special Action - Industrial Commission
ICA Claim No. 20143-030719
INS. Claim No. 7320463
The Honorable Aryka S. Radke, Administrative Law Judge

**AWARD SET ASIDE; REMANDED**

COUNSEL

Mable M. Hall, Maricopa
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent ICA*

Lester, Norton & Brozina, PC, Phoenix
By Christopher S. Norton
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

**J O H N S E N**, Judge:

**¶1**          This is a special action review of an Industrial Commission of Arizona ("ICA") Decision Upon Review that reversed an award of temporary benefits.  For the following reasons, we set aside the award and remand for further proceedings.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**          Mable Hall, a manager of the men's department in a retail store, began to feel pain in her right hip and lower back in late July 2014. Hall filed for workers' compensation benefits on October 16, 2014.  Her employer's insurance carrier denied the claim on November 13, 2014.  Hall testified at a hearing on her claim, as did her treating physician.  The Administrative Law Judge ("ALJ") also received the opinion of a physician who conducted an independent medical examination of Hall.  That physician concluded that any pain Hall was suffering was not caused by her work activities and opined that Hall's medical condition was stationary as of April 15, 2015, the date of the independent medical examination.  The ALJ found the opinion of Hall's treating physician to be more probably correct and concluded that Hall had met her burden to show a compensable claim.  The ALJ awarded Hall temporary benefits "from August 6, 2014, until her condition is deemed to be medically stationary."  Upon review, the ALJ affirmed the award on December 7, 2015.

**¶3**          On March 7, 2016, Hall submitted a letter to the ICA, which the ICA construed as a request for hearing pursuant to Arizona Revised

2

Statutes ("A.R.S.") section 23-1061(J) (2017).[1]  In the letter, Hall complained that the insurance carrier had failed to pay the benefits due her.  The ALJ set a hearing on Hall's request for May 2016.  In the meantime, the insurer sent Hall a check on March 24, 2016, for benefits covering the period from August 12, 2014, to April 15, 2015.

¶4            At the beginning of the May 2016 hearing, counsel for the insurer commented that he thought Hall "also protested the closure" of her claim, which he said had occurred as of the date of the independent medical examination on April 15, 2015.  The ALJ noted in response that she did not have a "closure notice" and "didn't have that down" for the hearing. Nevertheless, the ALJ said to Hall, who was unrepresented, "How about to be safe because with your request for hearing you did say see attached, and . . . in order just to protect your rights particularly since Mr. Norton is of the belief that you are protesting closure as well, let's keep that on the record as your protest."  Hall related the facts of her injury, then, on cross-examination, testified that she did not receive any notice of closure issued in the case.  She also testified that when the insurer had sent her the check with payment for the August 2014-April 2015 period, she received no accompanying notice, letter or correspondence.  At the conclusion of Hall's testimony, the ALJ said:

> And as far as the closure of the claim, you know, I can't advise you what you, you know, need to do.  You might want to talk to the ombudsman out there, but you need to get your hands on a notice of claim status and decide if you want to pursue that or not, whether you want – if you feel your claim should be open or not because it is not in front of me.

¶5            With Hall's payment request still pending, the ALJ then set another hearing for October 20, 2016.  Before the ALJ at that time were medical records from Hall's treating physician advising that Hall's injury limited her ability to work through October 5, 2015.  In addition, the physician who had performed the independent medical examination in April 2015 testified his opinion was that Hall required no further treatment at the time of the examination.

¶6            At the hearing, counsel for the insurer made no reference to the purported closure of the claim, but after the evidence was concluded, Hall volunteered that she had followed the ALJ's earlier advice to "check

---

[1]      Absent material revision after the relevant date, we cite a statute or rule's current version.

with the ombudsman in regards to a full payment or final disposition, and there was none." Hall continued:

> There was no final claim provided through [her employer] or their representative at any – that they had received a letter saying they were going to issue a check but that there was no approval or there had been no form or letter in the file stating that claim status was final. That's why I was requesting compensation from May through September [2015] when I was terminated.

In response to the ALJ's query, the insurer's counsel stated, "I really don't know what she is talking about other than the claim was closed without permanent impairment effective April 15th, 2015, and the carrier has paid benefits up to that point." At that point, the ALJ asked Hall whether she had received "the closure notice closing the claim," and Hall replied, "[T]hey didn't – they had not received anything. . . . I didn't have a copy, and they didn't have a copy."

¶7        Following the hearing, and while the ALJ's decision was pending, counsel for the insurer sent a letter dated October 24, 2016, to the ALJ, with a copy to Hall, enclosing a copy of a Notice of Claim Status, dated March 24, 2016. The notice purported to enclose a check in the amount of $12,263.38 for the period of August 12, 2014, through April 15, 2015, and stated that "[t]emporary compensation and active medical treatment terminated on 4/15/15 because claimant was discharged."

¶8        On November 7, 2016, the ALJ issued a Decision Upon Hearing awarding Hall compensation for temporary partial benefits from April 16, 2015, through October 5, 2015. The insurer sought review, arguing that because Hall had not timely protested the March 24, 2016 Notice of Claim Status, it became final and deprived the ALJ of jurisdiction to order further benefits. In a Decision Upon Review, the ALJ reversed her prior ruling, adopting the insurer's arguments and ruling the ICA "lacked jurisdiction to award additional temporary disability benefits" because Hall had failed to file a request for hearing within 90 days of the Notice of Claim Status.

¶9        Hall timely sought review in this court. We have jurisdiction pursuant to A.R.S. §§ 23-951 and 12-120.21(A)(2) (2017) and Rule 10 of the Arizona Rules of Procedure for Special Actions.

**DISCUSSION**

¶10      "In reviewing ICA findings and awards, we defer to the ALJ's factual findings but review questions of law *de novo*." *Landon v. Indus. Comm'n of Ariz.*, 240 Ariz. 21, 24, ¶ 9 (App. 2016). "To prevent appellate courts from having to assume a factfinder role, an administrative law judge must find on all the case's material issues." *Post v. Indus. Comm'n of Ariz.*, 160 Ariz. 4, 7 (1989). Accordingly, we will set aside an award if, based on the record before us, we cannot determine "whether it was legally sound." *Landon*, 240 Ariz. at 24-25, ¶ 9.

¶11      Pursuant to A.R.S. § 23-1061(F), with exceptions not relevant here, the insurance carrier "shall promptly report to the commission and to the employee . . . any denial of a claim, any change in the amount of compensation and the termination thereof." The claimant may challenge the denial, change or termination by seeking a hearing, but "[a] hearing on any question relating to a claim shall not be granted unless . . . the request for a hearing is filed within ninety days after the notice sent under § 23-1061, subsection F . . . ." A.R.S. § 23-947(A). In the usual case, a claimant's failure to request a hearing within the 90-day period renders the insurance carrier's decision "final and res judicata to all parties." A.R.S. § 23-947(B). An ALJ may hear an untimely protest, however, if the claimant failed to seek a hearing "because of justifiable reliance on a representation by the [ICA], employer or carrier" or if the claimant "shows by clear and convincing evidence that the notice was not received." A.R.S. § 23-947(B)(1), (3). Further, a claimant justifiably relies on a statement if she "has made reasonably diligent efforts to verify the representation," regardless of whether the statement carries legal authority behind it. A.R.S. § 23-947(B)(1).[2]

¶12      As recounted above, the record before the ALJ contained evidence that one or more of the statutory exceptions may apply in this case. At the May 2016 hearing, the ALJ told Hall that the ALJ would keep Hall's March 2016 letter "on the record as [Hall's] protest" of the Notice of Claim Status. Further, Hall testified at the October hearing that she did not receive

---

[2]    Contrary to the argument the insurer made in its Request for Review, a claimant's failure to timely file a request for hearing under A.R.S. § 23-947 does not necessarily divest the ICA of jurisdiction over the claim. *Stange Co. v. Indus. Comm'n of Ariz.*, 120 Ariz. 241, 243-44 (App. 1978). Instead, failure to timely file is an affirmative defense that "may be waived if not raised at the appropriate point in the proceedings." *Frazier v. Indus. Comm'n of Ariz.*, 145 Ariz. 488, 490 (App. 1985).

any notice of closure. She also testified that after the May proceeding, she asked her employer whether it had received a closure notice and also asked the ICA ombudsman, all to no avail.

**¶13**        For its part, the insurer did not plainly raise the issue of the notice of closure as a bar to Hall's benefits claim until its Request for Review of the ALJ's decision granting benefits. In ruling on that request, the ALJ did not acknowledge whether any of the exceptions in § 23-947(B) might apply. Specifically, the ALJ did not address the assurance given to Hall that Hall's March 2016 letter would be kept "on the record as [a] protest" of a closure. Nor did the ALJ address the unchallenged evidence in the record, recounted above, that Hall did not receive a copy of the notice of closure; that when she inquired of her employer, it responded that it had received no notice of closure; and that when she inquired of the ICA ombudsman, that person did not identify any notice of closure in the file.

**¶14**        Given this evidence in the record, the ALJ erred by ruling that the notice of closure barred Hall's claim without addressing whether any of the exceptions in § 23-947(B) applied or whether the insurer waived the argument by failing to raise it at the October 20, 2016 hearing.[3] Without findings by the ALJ as to whether Hall's failure to seek a hearing on the notice was excused under § 23-947(B), we cannot say whether, as a matter of law, the notice became final without a protest. *Compare* A.R.S. § 23-947(A) *with* A.R.S. § 23-1061(F). Further, the ALJ should consider whether the insurer waived the untimeliness defense by failing to raise it until after the close of the October 20 hearing. *See Frazier*, 145 Ariz. at 491. If the ALJ finds that an exception applies under § 23-947(B) or that the insurer waived the defense by failing to raise it in a timely manner, the ALJ may reinstate the Award.

---

[3]        The record contains some evidence of a representation by the ICA during the May hearing on which Hall may have justifiably relied in failing to seek a hearing on the notice of closure, and the ALJ heard evidence at the October 20 hearing concerning whether Hall may have justifiably relied on representations by her employer and/or the ombudsman in failing to seek a hearing. The ALJ also heard evidence at the May and October 2016 hearings bearing on whether the insurer actually mailed the Notice of Claim Status to Hall, whether Hall actually received the notice, and whether she exercised reasonable care and diligence in pursuing the matter.

**CONCLUSION**

¶15        For the foregoing reasons, we set aside the Decision Upon Review and remand for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA