NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

MICHELLE STEWART PORTER (a.k.a. MAYBERRY), *Petitioner/Appellee*,

*v.*

COREY MITCHELL MAYBERRY, *Respondent/Appellant*.

No. 1 CA-CV 23-0674 FC

FILED 11-14-2024

Appeal from the Superior Court in Yuma County
No. S1400DO200800737
The Honorable Eliza Johnson, Judge *Pro Tempore*

**AFFIRMED IN PART; REVERSED IN PART; JUDGMENT VACATED AND REMANDED**

COUNSEL

Mary Katherine Boyte, PC, Yuma
By Mary K. Boyte Henderson
*Counsel for Petitioner/Appellee*

Schneider & Onofry, PC, Phoenix
By Jonathan D. Schneider, Dee R. Giles
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Anni Hill Foster joined.

---

**P A T O N,** Judge:

¶1 Corey Mitchell Mayberry appeals the order of enforcement and judgment entered by the superior court. We affirm in part, reverse in part, and vacate the judgment and remand for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

¶2 Michelle Stewart Porter petitioned to dissolve her marriage to Mayberry in 2008. The court entered a consent dissolution decree on February 23, 2009. The decree provided Porter would receive 13% of Mayberry's military retired pay ("military payments"), including any future cost of living increases, calculated at $471.45 each month beginning on May 1, 2009. Mayberry was to pay Porter directly if she was unable to receive payments from the Defense Finance and Accounting Service. Mayberry retired from the military on July 31, 2010.

¶3 In January 2023, Porter petitioned to enforce the past-due military payments. She alleged Mayberry had not made a single payment and owed her $141,845.83 in missed payments calculated at 10% interest. Mayberry contested the petition, arguing, in part, that the five-year statute of limitations in effect in 2009, Arizona Revised Statutes ("A.R.S.") Section 12-1551, barred Porter's claims for payments that became due "more than five years prior to" her enforcement petition. A.R.S. § 12-1551 (2003).

¶4 On June 5, 2023, the superior court determined that the applicable statute of limitations was amended during the period the military payments became due and therefore payments that accrued between May 1, 2009 and July 31, 2013, were time-barred but the payments due after August 1, 2013, remained collectable. The court ordered Porter to submit a new payment calculation and proposed form of judgment.

¶5 Porter submitted a revised calculation, which Mayberry objected to because it contained payments due before August 2013. Mayberry also objected to Porter applying a 10% interest rate to each

payment, arguing that a statutory change required the court to calculate the interest rate at either 4.25% or 9.25% based on the prime rates in effect at the time each payment became due. Porter submitted a corrected calculation for $88,982.51, which still applied a 10% interest rate to each payment.

¶6        The court ordered Porter to submit a calculation using a 9.25% interest rate or alternatively to brief the court on the applicable rate. Porter argued the 10% rate applied because it was the statutory rate in 2009, when the consent decree was entered. Mayberry argued that either a 4.25% or 9.25% rate applied, based on the historical prime rate data from July/August 2013. *See* A.R.S. § 44-1201(B). He alternatively argued that the court should apply the current interest rate at the time the court enters judgment. On August 30, 2023, the court entered judgment for Porter against Mayberry in the amount of $88,982.51, for payments from August 1, 2013 through January 31, 2023, adopting Porter's corrected calculation, which included the 10% interest rate applied to all payments. Mayberry appealed.

## JURISDICTION

¶7        As an initial matter, we review Mayberry's argument that we lack jurisdiction to review the court's June 2023 order. That order determined the May 1, 2009 through July 31, 2013, payments were time-barred, but ordered Porter to lodge a proposed form of judgment for the August 1, 2013 through January 31, 2023 payments.

¶8        We have an independent duty to determine whether we have jurisdiction to consider the matters before us. *Ghadimi v. Soraya*, 230 Ariz. 621, 622, ¶ 7 (App. 2012). We generally only retain appellate jurisdiction over final judgments that dispose of all claims. *Musa v. Adrian*, 130 Ariz. 311, 312 (1981). Arizona Rule of Family Law Procedure ("ARFLP") 78(b), however, allows the superior court to certify fully resolved claims for appeal when other claims remain, but only where the order expressly states that "there is no just reason for delay" and recites that the judgment is entered under ARFLP 78(b). Ariz. R. Fam. Law P. 78(b). Judgments that fail to include the express determination and recital are unappealable. *See McCarthy v. McCarthy*, 247 Ariz. 414, 416, ¶ 6 (App. 2019).

¶9        Mayberry's notice of appeal filed on September 28, 2023, stated he was appealing from judgments and orders dated June 5, 2023,

August 30, 2023, and September 7, 2023.[1]  Mayberry could not appeal the June 2023 order because it failed to fully resolve the military payments claim.  *See Matter of Hernandez v. Athey*, 256 Ariz. 476, 479, ¶¶ 7-9 (App. 2023) (holding that an order finding a party was entitled to attorneys' fees was uncertifiable under Rule 78(b) because the order failed to award a specific amount, leaving the claim unresolved).  That order confirmed Mayberry's military payment obligation but left the judgment and interest rate decisions for another day.  The June 2023 order was therefore unappealable. *See id.*  But the September 2023 amended judgment and order fully resolved the claim.  In its September 6, 2023, amended order and judgment, the court cited ARFLP 78(b) but failed to state that there was "no just reason for delay."  Ariz. R. Fam. Law P. 78(b).  Accordingly, we stayed the appeal and revested jurisdiction in the superior court to allow the parties to move for full ARFLP 78(b) language.  The court issued a second amended judgment complying with ARFLP 78(b) on November 16, 2023.  We therefore have jurisdiction under ARFLP 78(b) and Section § 12-2101(A).

## DISCUSSION

**¶10**　　　　Mayberry argues the superior court erred by finding that Porter could recover the payments that were due more than five years before she filed her petition to enforce.  He also contends the court erred by applying a 10% interest rate to all past-due payments.  Porter responds that "the only payments at issue are those which accrued after August 1, 2013." Whether the statute of limitations set forth in Section 12-1551 and the interest rate set forth in Section 44-1201 apply to the payments at issue are questions of law we review de novo.  *See Johnson v. Johnson*, 195 Ariz. 389, 391, ¶ 9 (App. 1999); *Flood Control Dist. of Maricopa Cnty. v. Paloma Inv. Ltd. P'ship*, 237 Ariz. 322, 326, ¶ 16 (App. 2015).

### I.　　The ten-year statute of limitations under Section 12-1551 applies to payments owed starting on August 3, 2013.

**¶11**　　　　Mayberry argues that a five-year statute of limitations should apply to all payments because the consent decree was entered in 2009, and at that time, Section 12-1551 imposed a five-year statute of limitations to enforce judgments.  A.R.S. § 12-1551(B) (2003) ("An execution or other process shall not be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is renewed by affidavit

---

[1] Mayberry states that the court's amended judgment and order was entered on September 7 in his notice of appeal, but it was entered on September 6, 2023.

or process pursuant to § 12-1612 or an action is brought on it within five years from the date of the entry of the judgment or of its renewal."). This changed in 2018, when the Legislature amended the statute and extended the limitations period from five to ten years. A.R.S. § 12-1551(B) (2018). In 2019, the Legislature amended the statute to clarify that a judgment entered before August 3, 2013, (the effective date of the 2018 legislation) must have been renewed on or before August 2, 2018, to be enforceable. A.R.S. § 12-1551(D) (2019).[2] The superior court determined that the five-year statute of limitations period applied to and barred the pre-August 2013 payments, and the ten-year statute of limitations applied to the remaining payments and Porter therefore owed them.

**¶12**　　　　Although the consent decree entitling Porter to payments was entered in 2009, each payment "is in the nature of a final judgment" when it becomes due. *See Jarvis v. Jarvis*, 27 Ariz. App. 266, 268 (App. 1976). Since each payment is a judgment, the statute of limitations begins to run when the payment becomes due. *See Johnson v. Johnson*, 195 Ariz. 389, 391, ¶ 11 (App. 1999).

**¶13**　　　　As an example, on September 1, 2013, a monthly payment became due. This payment is, in effect, its own judgment and the statute of limitations is calculated from this date. *See Jarvis*, 27 Ariz. App. at 268; *Johnson*, 195 Ariz. at 391, ¶ 11. At the time, there was a five-year statute of limitations, which meant that Porter had until September 1, 2018, to enforce or renew the judgment. A.R.S. § 12-1551 (2003). But under the 2018 and 2019 amendments to the statute, because the September 1, 2013, payment was entered on or after August 2, 2013, the ten-year statute of limitations applies. A.R.S. § 12-1551(B) (2018 & 2019); *Johnson*, 195 Ariz. at 391, ¶ 11.

**¶14**　　　　Conversely, the ten-year statute of limitations does not apply to the payment that became due on August 1, 2013, because it was entered before August 2, 2013, and Porter did not renew it on or before August 2, 2018. *See* A.R.S. § 12-1551 (2018); *see also* A.R.S. § 12-1551(D) (2019) (stating that the ten-year statute of limitations also applies to judgments "that were renewed on or before August 2, 2018").

**¶15**　　　　Porter argues that Section 12-1551 should not apply to any payment due on or after October 1, 2010, because the statute of limitations only applies if the amount owed has been calculated and reduced to judgment. In *Chaidez v. Grant*, 252 Ariz. 578, 583, ¶ 16 (App. 2022), we held

---

[2] Section 12-1551 was amended again in 2021, 2023, and 2024, but no changes were made to subsection (D).

that Section 12-1551 does not apply to "yet-to-be-calculated division of retirement benefits." Here, however, the payments had been calculated. The consent decree provided that Porter was entitled to 13% of Mayberry's military retirement pay and provided an amount due monthly, provided a calculated number, and stated that Porter's interest "is finally determined as of the date of the entry of" the decree, "and shall not be reduced by any voluntary post decree waiver by Respondent of military retired pay in favor of other benefits or income." Section 12-1551 applies.

¶16 Thus, the superior court correctly determined that the pre-August 2013 payments were time-barred but erred in concluding the August 1, 2013, payment was not time-barred. It correctly concluded that because the ten-year statute of limitations applies to payments due starting September 1, 2013, Porter was entitled to recover those amounts.

## II. The court erred by applying a 10% interest rate to all payments.

¶17 Mayberry also argues that the superior court erred by not expressly stating the interest rate it applied in its judgment, and in applying a 10% interest rate to each payment. Specifically, he contends the court should have applied the interest rate calculated on the date each payment became due. Porter argues the court properly applied the 10% interest rate in effect at the time the 2009 consent decree was entered and the obligation was created.

¶18 Until July 19, 2011, Section 44-1201 provided that "[i]nterest on any loan, indebtedness, judgment or other obligation *shall be at the rate of ten per cent per annum*, unless a different rate is contracted for in writing, in which event any rate of interest may be agreed to." A.R.S. § 44-1201(A) (1999) (emphasis added). But effective July 20, 2011, Section 44-1201(B)[3] was amended to provide: "Unless specifically provided for in statute or a different rate is contracted for in writing, interest on any judgment *shall be at the lesser of ten per cent per annum or at a rate per annum that is equal to one per cent plus the prime rate as published by the board of governors in the federal reserve system in statistical release H.15 or any publication that may supersede it on the date the judgment is entered*." A.R.S. § 44-1201(B) (2011) (emphasis added).

¶19 Porter suggests our decision in *Flood Control Dist. of Maricopa Cnty.*, 237 Ariz. at 327, ¶¶ 19-20 (citing 2011 Ariz. Sess. Laws, ch. 99, § 17

---

[3] Although the statute was amended in 2022 and 2024, the relevant portion cited here has not materially changed since July 20, 2011.

(1st Reg. Session)), required the superior court to apply a 10% interest rate to all payments. In *Flood Control*, we held that the 2011 amendment to Section 44-1201 did not change the statutory interest rate for judgments issued before the statute's July 20, 2011, effective date. That decision, however, addressed a single-payment judgment. *Id.* at 324, ¶¶ 5-7. At issue here are monthly payments spanning close to ten years. When monthly payments are left unpaid, it creates a judgment. *See Alley v. Stevens*, 209 Ariz. 426, 428, ¶ 7 (App. 2004). As discussed above, each monthly payment is, in effect, a judgment. *See Jarvis*, 27 Ariz. App. at 268; *Johnson*, 195 Ariz. at 391, ¶ 11; *see also McBride v. Sup. Ct.*, 130 Ariz. 193, 194 (1981) (absent an agreement to the contrary, interest on a judgment is a statutory and not contractual obligation, and when the interest rate is changed by statute, the rate of interest on a judgment also changes).

**¶20**        Therefore, because the statutory interest rate changed over the span of ten years since it was tied to existing prime rates at the time, the court erred by applying a 10% interest rate to every payment. *Alley*, 209 Ariz. at 428, ¶ 7. Because the $88,982.51 judgment applied a 10% interest rate to each eligible monthly payment, we vacate the judgment and remand for the superior court to determine the applicable interest rate for each payment. We also note that the current version of Section 44-1201 requires the court to include the applicable interest rate in the judgment. A.R.S. § 44-1201(B) ("The judgment shall state the applicable interest rate and it shall not change after it is entered.").

**¶21**        Porter requests attorneys' fees and costs. In our discretion, we deny her request.

## CONCLUSION

**¶22**        We affirm the superior court's ruling determining that payments that became due before July 31, 2013, are time-barred. We reverse the court's finding that the August 1, 2013, payment is not time-barred. We also vacate the court's judgment to the extent it applied a 10% interest rate to all payments and remand for further proceedings consistent with this decision.

